No. 66.—GEORGE PETTINGALL, plaintiff in error, *vs.* EDWARD NOLAN, defendant.

[1.] Under the Act of 1837, (*Cobb's Dig.* 629,) giving summary jurisdiction to the Justices of the Peace of the City of Savannah, over a certain class of civil actions, where the amount in controversy does not exceed thirty dollars, exceptions must be taken to the judgment of the Court, at the time it is pronounced, as required by the Act of 1831, (*Cobb's Dig.* 623,) as to the same description of cases, when tried before the Judge of the Court of Common Pleas and the Mayor of the City; otherwise, the party aggrieved will not be entitled to a *certiorari*, as provided by the said latter Act.

Certiorari, in Chatham Superior Court. Decision by Judge FLEMING.

Pettingall *vs.* Nolan.

This was a case of *certiorari* from a judgment rendered by a Justice of the Peace, in the City of Savannah, and turned upon the construction of certain Acts applying to certain Courts of that City.

By the second section of the Act of December 26, 1831, to authorize the Judge of the Court of Common Pleas and Oyer and Terminer, and the Mayor of Savannah, to hold special and extraordinary Courts in certain cases, it is provided that said Judge or Mayor, after determining the cause, "shall forthwith, by the usual process of the Court, execute the judgment of said Court, in such cause, unless exceptions to such judgment shall be taken by either party, on the pronouncing such judgment; and if either party shall so except to any such judgment, it shall be his duty, forthwith, to apply to the Judge of the Superior Court of the Eastern District, for a *certiorari*, founded on such exception, which, if allowed by the Judge of said District, within twenty-four hours after the rendition of such judgment, shall be a *supersedeas* thereof," &c. (*Cobb's New Dig.* 623.)

By an Act amendatory of the above, passed December 23, 1837, it is provided, that in such cases, where the amount does not exceed thirty dollars "it may be tried by any Justice of the Peace in the City of Savannah, under the same restrictions as to petition, notice, affidavit, as set forth in the 1st section of said Act". (*Cobb's New Dig.* 629.)

In this case, the exceptions to the decision of the Justice, were not taken until the day after the rendition of the judgment; and on motion, the Court dismissed the *certiorari*, as having been improvidently granted, on the ground that the exceptions had not been taken at the time the judgment was rendered in the Justice's Court. And on this decision error is assigned.

LAW & BARTOW, for plaintiff in error.

SHEFTALL, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By the Act of 1831, the Legislature conferred summary jurisdiction upon the Judge of the Court of Common Pleas and Oyer and Terminer for the City of Savannah; and also upon the Mayor of the City of Savannah, for the trial of causes appertaining to seamen. (*New Digest*, 623.)

The 1st section of the Act directs that the proceedings under it shall be by petition, setting forth the nature of the case, supported by affidavit, that the party complaining cannot, without great inconvenience and damage, wait the determination of the cause by the ordinary course of the law.

The 2d section provides, that twelve hours' previous notice shall be given to the opposite party, of the time and place appointed for the hearing of the charge. And it further enacts, that the judgment of the Court shall be executed by the usual process, unless exceptions to the same shall be taken by either party *on the pronouncing* said judgment; and if either party shall so except, it is made his duty, *forthwith*, to apply to the Judge of the Superior Court of the Eastern District for a *certiorari*, which if allowed by the Judge, within twenty-four hours after the rendition of the same, shall operate as a *supersedeas* thereof. In case of the absence of the Judge of the Eastern District, time is allowed to the excepting party, until the return of the Judge, the applicant giving bond and security to the other party in the sum of $200, conditioned to abide the final decision of the cause.

By the Act of 1833, a Jury trial is provided for these extra-ordinary Courts. (*New Digest*, 625.)

By the Act of 1837, (*New Digest*, 629) the same summary jurisdiction is conferred on any Justice of the Peace for the City of Savannah, over like causes, where the amount does not exceed thirty dollars, as were given by the original Act, to the City and Mayor's Court over larger sums, under the same restrictions as to petition, notice, affidavit and (as) set forth in the first section of the said recited Act."

Under this last Act, must exceptions to the judgment of the Justice of the Peace be taken at the time it is pronounced, as required to be done by the Act of 1831, to the decision of the City and Mayor's Court, or is the party aggrieved allowed to apply for a *certiorari* at any time within the period fixed for that purpose, by the laws regulating proceedings in Justices' Courts, and without having excepted at the time of its delivery, to the judgment complained of?

The Act of 1837 is carelessly framed. The author of the Digest has undertaken to suggest one correction, namely : by substituting *as* for *and* in the clause which I have quoted. But a much more material mistake occurs in the body of the enacting clause. It recites the restrictions as to "petition, notice, affidavit, and or (as) set forth in the *first section* of the said recited Act", whereas, by reference to the Act of 1831, it will be found that the restriction as to *notice* is not contained in the *first*, but in the *second* section of that Act.

What are we to do then? Declare the law void on account of this error, or to give it force and effect by correcting the error, and then reading it as it was evidently intended by the Legislature? The latter course is obviously the proper one to be pursued under such circumstances.

The inquiry then recurs, when the Act of 1837 declares that Justices of the Peace shall try and determine all civil actions, the amount of which shall not exceed thirty dollars, and which, by the Act of 1831, the Judge of the Court of Common Pleas, or the Mayor of the City of Savannah, were authorized to hear and decide, "under the same restrictions as to petition, notice, affidavit and" or "(as)" or "and as set forth in the said recited Act", is the summary *certiorari* included as one of these restrictions? We think it is. Petition, notice, affidavit, (not *and* affidavit) are enumerated to designate the nature of the restrictions intended, and were not designed to comprehend the whole. If so, why did not *and* precede, instead of follow the word affidavit, so that the sentence would have read, petition, notice *and* affidavit? As it stands, three specifica-

tions are made, and then reference is made to the balance of the restrictions, by referring to the Act in which they are fully set forth.

Such being the grammatical construction of the Act is it to be presumed, if there be any doubt as to the meaning of the words, that the Legislature would have made the difference contended for in these several forums, over the same subject-matter of litigation ?   These extraordinary Courts were constituted and invested with summary jurisdiction, avowedly to expedite this class of cases.   Why such " hot haste" in bringing causes to a final determination, in the City and Mayor's Court, and yet permit them to " drag their slow length along" in the Justice's Court ?   And that, too, against all the analogies of the law regulating the proceedings in these several tribunals ?

It is said in argument, that such a construction of the Statute will compel parties to employ Counsel, in the first instance. Better that they should do so, in controverted cases.   Preventive is better than corrective justice.   It is a fine field for the initiation of the junior members of the profession into the practice.   Had our highly respected *young* brethren, Sheftall and Law, been engaged to represent these parties, on the trial before Mr. Justice Hart, this writ of error never would have been prosecuted.

Judgment affirmed.