### KELLY *et al.* *vs.* JACKSON. ·

1. Where a trial was had before a justice under §§4965, 4990 of the
Code on Saturday, and on the following day the judge of the supe-
rior court left the county, and a petition for *certiorari* was at
once sent to him in the county to which he had gone, and there
sanctioned, it will not be dismissed because not presented and
allowed within twenty-four hours.

2. Though on a petition for *certiorari*, the certificate of the justice
states that all costs have been paid and is silent as to bond, yet if
the bond itself, duly and properly executed and approved by the
justice, be incorporated in the record, the case will not be dis-
missed.

3. The courts provided for in §§4564, 4965, 4990 of the Code are special
courts for the trial of a particular class of cases affecting seamen
in the city of Savannah or county of Chatham. Whether presided

over by the judge of the city court or a justice, they retain their character as special courts, and do not become either a city court or a justice court; nor are the laws fixing the terms of those courts applicable thereto.

*Certiorari.* Courts. Savannah. Practice in Superior Court. Constitutional Law. Before Judge FLEMING. Chatham Superior Court. March Term, 1881.

This case was commenced by attachment issued November 19th, 1880, by a justice of the peace in the city of Savannah, in favor of a discharged seaman against the owners of the barque "Wild Hunter," returnable to December term, 1880, of his court. It was levied the same day, and a notice was also served upon the master of the vessel from which plaintiff in attachment alleged he had been illegally discharged, that the case would be tried the next day, November 20th, 1880, at a special court. (Section 4990 of the Code of 1873.) Judgment was rendered on said last mentioned day for plaintiff in attachment. The defendants carried the case to the superior court by *certiorari.* Upon motion of defendants in *certiorari* in the superior court, the petition was dismissed upon the ground that no certificate of the justice had been filed in three months showing that bond had been given as required by law. (The justice certified to the payment of costs, and a bond appears in the record approved by the justice before the granting of the writ of *certiorari.*)

On appearing before the justice, on November 20th, defendants in attachment protested against the proceedings on the ground that section 4990 of the Code had been repealed by the constitution of 1877 and the acts passed in pursuance thereof, and that no judgment could be rendered, except at a regular term of the court. The objection was overruled, and this formed one ground of the petition for *certiorari.*

The case was tried before the magistrate on Saturday, November 20th, and exceptions were certified by him the

same day. On the following day (Sunday) the judge of the superior court left Chatham county to attend McIntosh superior court. By the next mail (Monday's) the petition for *certiorari* was forwarded to him. He certified that he considered it as soon as his duties permitted. It was one ground of the motion to dismiss the *certiorari* that the petition had not been presented or allowed within twenty-four hours from the judgment complained of. This ground was overruled, but the motion was sustained on another ground, as stated above. Thereupon defendants in attachment (plaintiffs in *certiorari*) excepted.

L. H. DE MONTMOLLIN, by H. C. CUNNINGHAM, for plaintiffs in error.

A. P. & S. B. ADAMS, for defendant.

JACKSON, Chief Justice.

1. There was no error in not dismissing the *certiorari,* because it was not allowed or presented within twenty-four hours from the rendition of the judgment. The judgment was rendered on Saturday. The next day, Sunday, the judge left Savannah for McIntosh court, where the petition was forwarded, presented and allowed as soon as the judge could be reached. Code, §4965.

2. The court did err in dismissing the *certiorari* on account of the want of a certificate that bond was given and costs paid under section 4054 of the Code. There was a certificate that costs were paid, and the bond itself, approved by the justice, appears of record, and both bear date before the writ of *certiorari* was granted. This complies with the Code, section 4054. The act codified in this section is more stringent, requiring a certificate as to the bond, as well as the costs ; but the bond itself, with approval thereof by the justice, is a substantial compliance even with that old act of 1811. Cobb's Digest, p. 523. The Code has, however, modified the old act alluded

to, and the Code is the law now. This case is not within the principle ruled in *Fuller vs. Arnold et ux*, 64 *Ga.*, 599, read in the light of the facts therein disclosed, and to understand and apply the principle announced in any case, it must be so read. There no bond and certificate were filed within the time specified in the statute, and no certificate or other evidence thereof appeared.

3. The court which tried this case was not a justice court, and the ruling of this court touching the times and places wherein those courts should be held monthly, is not applicable. It is a special court which may be held by the judge of the city court, or the justice of the peace, or other judicial officer named in the act, and when presided over by the judge of the city court, it is not the city court, nor when presided over by the justice of the peace is it the justice court. In either case it is a special court organized to hear and determine causes affecting seamen which require dispatch. 16 *Ga.*, 606. For the same reason it does not conflict with the uniformity clause of the constitution. Sup. to Code, §635. That constitutional provision confines the requisition of uniformity to "the same grade or class." This court is not of the same grade or class, either as respects the court or the officer. It is not of the court, because it affects seamen only, and is limited in its jurisdiction; nor is it of the same grade as a justice court as respects the officer, because the judge of the city court may hold it.

It seems quite clear, therefore, that the constitution of 1877 does not have the effect of repealing it, and we are not aware of any law which repeals it. Therefore it is still the law, and the justice had the jurisdiction to try the case.

The superior court dismissed the *certiorari* on the ground that there was no certificate of bond and security, as required by law, and that judgment is reversed and the case remanded, that the *certiorari* may be tried on its merits by that court.

Judgment reversed.