WELBORNE *v.* DONALDSON, superintendent.

The act of September 6, 1891, establishing the criminal court of Atlanta, is not unconstitutional because of the section therein whereby jurisdiction over misdemeanors is withdrawn from the city court of Atlanta and conferred upon the criminal court ; nor is that act unconstitutional because the court thereby established is not, in its jurisdiction, powers, proceedings, and practice, uniform with the superior or other courts of this State, not city courts, which have jurisdiction of misdemeanors ; nor is that act unconstitutional because it fails to provide that one accused of a penal offense shall have the right to demand an indictment ; nor is the provision in the act for trials by juries of only five contrary either to the paragraph of the constitution of this State which declares that " no person shall be deprived of life, liberty, or property without due process of law," or to the 14th amendment of the constitution of the United States, or to the paragraph of the constitution of Georgia which forbids the enactment of special legislation in any case provided for by an existing general law.

Argued April 22, — Decided June 3, 1902.

Habeas corpus. Before Judge Lumpkin. Fulton superior court. March 19, 1902.

*Alexander W. Stephens,* for plaintiff in error.
*Eugene R. Black, solicitor,* contra.

LUMPKIN, P. J. This court, during the present term, held that it had no jurisdiction to review by a writ of error a judgment of the criminal court of Atlanta, which was established by an act approved September 6, 1891. See *Welborne* v. *State,* 114 *Ga.* 793. The plaintiff in error in the present bill of exceptions, who had been convicted of a misdemeanor in that court, sought, after the rendition of the decision just mentioned, to obtain a discharge from custody upon a writ of habeas corpus. His application was de-

nied, and he excepted.    It was based entirely upon the alleged un-
constitutionality of the act above referred to.    The grounds of at-
tack upon this act as set forth in his bill of exceptions will now be
stated and passed upon.

1.  Section 15 of the act establishing the criminal court of Atlanta
declares that the jurisdiction of the city court of Atlanta over mis-
demeanors "is hereby withdrawn, and said jurisdiction is conferred
on the criminal court of Atlanta."    See Acts of 1890—91, vol. 2,.
p. 938.    The point was made that this provision was unconstitu-
tional, because the General Assembly had no power to deprive the
city court of Atlanta of its jurisdiction over criminal cases.  It was.
accordingly argued that the entire act was for this reason inopera-
tive, and in support of this contention counsel for the plaintiff in
error cited and relied upon the case of *Elliott* v. *State*, 91 *Ga.* 694,
in which it was laid down that where the unconstitutional portion
of a statute is so connected with the general scope thereof that,.
should the objectionable part be stricken out, effect can not be
given to the legislative intent, the entire statute must fall.    The·
question as to the constitutionality of the 15th section of the act.
of 1891 was involved and passed upon in the case of *Welborne* v.
*State,* supra.    It was therein held that "the General Assembly has
authority to make any change it deems fit in reference to the juris-
diction, practice, procedure, etc.," of the city court of Atlanta.    It
will be noted that in dealing with that case this court took occa-
sion to also consider a number of other cases, two of which came
from the city court of Atlanta, one from the first and the other
from the second division thereof, and the question of our jurisdic-
tion over these two cases was definitely settled.    After the most
careful deliberation the conclusion was reached that this court, not-
withstanding the fact that the city court of Atlanta had been de-
prived of its criminal jurisdiction by the act of 1891, still had ju-
risdiction to review by writ of error the judgments of that court.
We now adhere to the view then entertained as to the power of the·
legislature to deprive that court of its jurisdiction over misdemean-
ors and to confer jurisdiction over the same upon the criminal
court of Atlanta.

2.  It was urged that the act of 1891 is unconstitutional, "be-
cause the jurisdiction, powers, proceedings, and practice of said
court are not uniform with those of any other court in this State,.

not a city court, as required by the constitution of Georgia." In this connection counsel for the plaintiff in error insisted that the act establishing the criminal court of Atlanta was violative of that clause of the constitution which declares that "The jurisdiction, powers, proceedings, and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform." See Civil Code, § 5859. The real complaint seems to be that the criminal court is not, as to its jurisdiction, etc., uniform with the superior courts or the existing county courts having and exercising jurisdiction over misdemeanors. The reply is that the constitution does not require such uniformity. Under the clause thereof which is now embodied in the Civil Code, § 5831, the General Assembly undoubtedly has authority to establish "other courts" than those expressly named in that clause. Whenever it undertakes to establish courts "of the same grade or class," there must be the uniformity which the constitution requires; but where, as in the present instance, the legislature merely creates a new and independent single court adapted to the needs of a particular locality, it certainly is not requisite that the jurisdiction, etc., of this special court shall be uniform with the jurisdiction and procedure of existing courts of an altogether different class which have both criminal and civil jurisdiction. See, in this connection, the case of *Kelly* v. *Jackson*, 67 *Ga.* 274, which is directly in point.

3. The criminal-court act was also attacked as unconstitutional in that it fails to provide that one accused of a penal offense shall have the right to demand an indictment by a grand jury. This contention is settled adversely to the plaintiff in error by the decision of this court in *Gordon* v. *State*, 102 *Ga.* 673.

4. Another attack made upon the act was that it does not provide for a trial jury of twelve, and declares that cases in the court thereby established may be tried by juries of only five. Counsel insisted that the act was violative of both the State and the Federal constitutions, because it fails to provide for a jury of twelve, "as is allowed those on trial in the superior court of Fulton county for the same offences." This certainly is not true so far as our own constitution is concerned, for it expressly declares that "the General Assembly may prescribe any number, not less than five, to

constitute a trial or traverse jury in courts other than the superior and city courts." Civil Code, § 5876. The criminal court of Atlanta not being a city court, but, as was pointed out in *Welborne's* first case, "a new and independent court," the General Assembly had express authority under the constitution of this State to provide for trials therein by juries composed of five persons only. We are also of the opinion that there is no merit in the contention that the act creating that court is, for the reason assigned, repugnant to the 14th amendment to the constitution of the United States, which forbids State legislation denying to any person "the equal protection of the laws." All persons charged with the commission of misdemeanors in Fulton county are alike subject to trial in either the superior or the criminal court. No one accused of a misdemeanor in either of these courts has a right to demand a trial in the other. There is in this respect no discrimination in favor of some and against others. No person is given the advantage, if advantage it be, of having a right to demand a jury of twelve, while another is placed under the disadvantage, if such be the case, of having his guilt or innocence passed upon by a jury of five only. Every one must go to trial in the court in which he is arraigned, and the chances of all with regard to this matter are precisely the same.

5. The only remaining objection urged against the act of 1891 is thus stated in the brief of counsel for the plaintiff in error: "That part of said act of 1891 providing for a trial by five jurors is unconstitutional, because it is a special law for which provision had already been made by the general law of 1836 (Cobb, 842), providing 12 jurors in all misdemeanor cases. This act applies to all courts." This point is not well taken. There is in this State no general law providing for the trial of all misdemeanors by juries composed of twelve persons. The general law of 1836, referred to above, and the provisions of which are now to be found in the Penal Code, § 857, applies exclusively to the superior courts.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*