## DAUGHTRY v. THE STATE.

The court created by the act of November 21, 1901, as the "city court of Waynesboro" is, so far as all of the objections urged to it in the present case are concerned, a valid statutory court, and had jurisdiction to try the accused upon an accusation charging him with the commission of a misdemeanor.

Submitted June 16,—Decided July 17, 1902.

Certiorari. Before Judge Brinson. Burke superior court. April 19, 1902.

*W. H. Davis* and *Johnston & Fullbright*, for plaintiff in error.

*J. S. Reynolds*, solicitor-general, *R. P. Jones*, and *Lawson & Scales*, contra.

COBB, J. Daughtry was arraigned in the city court of Waynesboro, charged with the commission of a misdemeanor. He objected to being tried until he had been indicted by the grand jury of Burke county. The court overruled this objection, and compelled him to go to trial. Before pleading to the merits, he objected to being tried at all in the city court of Waynesboro, for the reason that that court was not established pursuant to law, urging, as grounds of objection, various reasons which will hereafter be referred to. The court overruled these objections. The accused then entered a plea of not guilty, and the trial resulted in his conviction.

A motion in arrest of judgment was made upon the same grounds as those set forth in the objections entered by the accused before pleading to the merits. This motion was overruled. The case was carried by certiorari to the superior court, and at the hearing the certiorari was overruled. To this judgment the accused excepted.

The act establishing the city court of Waynesboro provides that persons arraigned in that court, charged with a violation of the criminal laws of this State, "shall not have the right to demand an indictment by the grand jury of the county of Burke." Acts 1901, p. 201. There is nothing in the constitution of this State or of the United States which guarantees to a person charged with a misde-meanor the right to demand an indictment by the grand jury. *Gordon* v. *State*, 102 *Ga.* 673; *Welborne* v. *Donaldson*, 115 *Ga.* 563. It was therefore competent for the General Assembly, in creating the city court of Waynesboro, to provide that persons arraigned in that court for misdemeanor offenses should not have the right to demand an indictment by the grand jury of Burke county.

We will now deal with the various objections urged to the legality of the act establishing the city court of Waynesboro. It is contended that the act is unconstitutional, for the reason that it is a special law, and that at the time of its enactment there was a general law of force in this State providing how city courts in counties having a population of ten thousand or more should be created, and defining the powers and jurisdiction of such courts when established, the law referred to being embraced in the Civil Code, § 4270 et seq. The act creating the city court of Waynesboro is said to be in conflict with this general law, for the reason that at the time of the passage of such special law the county of Burke had a population exceeding ten thousand. It was held in *Thomas* v. *Austin*, 103 *Ga.* 701, that the law embodied in the code sections above referred to was not such a general law as to prevent the General Assembly from establishing by special act a city court in one of the counties of this State. Another ground of objection to the act was that the same provided that all cases should be tried by a jury of six, by striking from a panel of twelve, when the constitution provides that all cases in city courts shall be tried by juries of not less than twelve. The General Assembly has no power to create a city court, within the meaning of that term as it is used in the constitution, and provide that cases tried therein shall be

tried by juries of less than twelve jurors; but it has, in the exercise of the power vested in it by the constitution, authority to establish courts other than those enumerated in the constitution, and provide that cases in such courts shall be tried by juries composed of less than twelve jurors but in no event to be less than five. *Monford* v. *State*, 114 *Ga.* 528; *Welborne* v. *State*, Id. 793; *Lawson* v. *State*, 115 *Ga.* 578; *Welborne* v. *Donaldson*, Id. 563; *McFarland* v. *Donaldson*, Id. 567. It is immaterial what such courts are called, and the General Assembly may designate them by the term " city court," if it sees proper; but they will not be city courts within the meaning of the constitution, unless the act creating the court conforms in every substantial particular to the requirements of the constitution. *Western Union Tel. Co.* v. *Jackson*, 98 *Ga.* 212; *S., F. & W. Ry. Co.* v. *Jordan*, 113 *Ga.* 687; *Monford* v. *State*, 114 *Ga.* 528. Although such courts may be styled " city courts," if the act establishing the same fails in any particular to make the court conform to the requirements of the constitution, such as there shall be a jury of twelve to try all cases, while the court would be a valid statutory court, it would not be a city court within the meaning of the constitution. *Welborne* v. *State*, supra. Another ground of objection was that under the act the defendant was not entitled to demand an indictment, as he would be under the " general law." We know of no general law in this State giving to a person charged with a misdemeanor the right to demand an indictment in any court in which he may be arraigned. There is a law which authorizes a person to demand an indictment before being placed upon trial for a misdemeanor in the superior court, but this law applies exclusively to that court. It is also said that the act is unconstitutional for the reason that it does not provide the method for correcting the errors committed by the court, as the method attempted to be provided, by motion for a new trial and direct bill of exceptions to the Supreme Court, is unconstitutional and void, the court not being a city court within the meaning of the constitution. The court established by the act was an " inferior judicatory," and under the constitution of this State the superior court has jurisdiction to correct the errors of all such courts by writ of certiorari. Civil Code, § 5846. The fact that the act does not refer to this right does not deprive the superior court of its constitutional power to review by certiorari the judgments of the court in question.

A further ground of objection is, that, the court not being a city court within the meaning of the constitution, and not being a city court established under the provisions of the sections of the Civil Code providing how city courts may be created in counties having a population of ten thousand or more, the court is not a city court, but is, as it has jurisdiction coextensive with the limits of the county of Burke, in fact if not in name a county court, and the act creating the court is void for the reason that the General Assembly has no authority under the constitution to create a county court by a special law, there being a general law providing how county courts shall be established; and further, that, treating the court as a county court, the act establishing it is void for the reason that there is want of uniformity, jurisdiction, procedure, etc., with the general county-court act. The act providing for the establishment of county courts has been held not to be a general law within the meaning of that provision of the constitution which declares that no special law shall be enacted in any case for which provision has been made by an existing general law. *Lorentz* v. *Alexander*, 87 *Ga.* 44. But the court in question is not a county court, either in name or in fact. It is a court established by the General Assembly in the exercise of its authority to establish courts other than those enumerated in the constitution, wherever there is a necessity for the establishment of such courts. It is a local and independent court, established for the reason that there is a peculiar need for such a court in the county in which it is established. It does not belong to any general class of courts now existing in this State; and therefore there is nothing in the constitution which requires that such a court should be uniform in jurisdiction, procedure, etc., with any other court in the State. It stands alone as an independent local court in the locality in which it is established. As was said by Mr. Presiding Justice Lumpkin in *Welborne* v. *Donaldson*, supra, whenever the General Assembly undertakes to establish courts " of the same grade or class," there must be uniformity in such courts; but where a new and independent single court, adapted to the needs of a particular locality, is created, it is not necessary that the jurisdiction, procedure, etc., of this court shall be uniform with those of existing courts of a different class. See also *Kelly* v. *Jackson*, 67 *Ga.* 274. The act creating the city court of Waynesboro was not subject to any of the objections urged

against it in the present case, and, so far as these objections are concerned, the court, although not a city court within the meaning of the constitution, is a valid statutory court, and has jurisdiction of the cases, civil and criminal, which are referred to in the act creating it. The foregoing discussion disposes of all the questions raised in the present case, there being no assignment of error in the petition for certiorari upon any ruling made by the judge in the trial of the case upon its merits, nor any objection urged to the verdict of the jury as rendered.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*