## GREEN *v.* THE STATE.

FISH, P. J.  1. Where upon the trial of one charged with larceny from the house the evidence makes out a case of burglary including larceny from the house, the accused may be legally convicted of the last-named offense. *Barlow* v. *State,* 77 *Ga.* 448.

2.  " There is nothing in the constitution of this State or of the United States which guarantees to a person charged with a misdemeanor the right to demand an indictment by the grand jury." *Daughtry* v. *State,* 115 *Ga.* 819, and cases cited ; *Mackin* v. United States, 117 U. S. 348-354.

3.  There was no merit in a ground of a motion for a new trial which complained that " the court erred in allowing the State to put in evidence, after the defendant had closed his case, the evidence of [a named witness], over the objection of the defendant that the same was essentially evidence which should have been put in before the State rested its case, and that the same was not in rebuttal of anything given in evidence by the defendant or his statement ; the State showing no excuse why said evidence had not been offered before closing its case." It does not appear what the testimony of the witness was ; and even if it did, the matter was in the judge's discretion. *Georgia Railroad.& Banking Co..*v. *Churchill,* 113 *Ga.* 12 (3).

*Judgment affirmed. All the Justices concur.*

Submitted November 16,—Decided December 8, 1903.

Accusation of misdemeanor.    Before Judge Sparks.    City court of Brunswick.    October 17, 1903.

*Frank H. Harris* and *Woodford Mabry,* for plaintiff in error. *J. T. Colson, solicitor,* contra.