## CROSSON *v*. SUMNER, sheriff.

The act of 1904 creating the city court of Sylvester and locating it in the City of Sylvester in the county of Worth, and providing that the sessions of the court shall be held in the court-house of Worth county, in the City of Sylvester, is a valid act locating the court, therein created, at the county site of Worth county, notwithstanding that the place is described as a city when, at the date of the passage of the act creating the court, it was a town.

<div align="center">

Submitted April 17,—Decided May 11, 1906.
</div>

Habeas corpus.   Before Judge Park.   City court of Sylvester. March 6, 1906.

Crosson was tried and convicted in the city court of Sylvester, established under the act of 1904 (Acts 1904, p. 207).   He applied for a writ of habeas corpus, upon the ground that that court had no legal existence and that therefore his detention was illegal. The judge to whom the application was made issued the writ, and, after a hearing, refused to discharge the applicant, and remanded him to the custody of the sheriff, to be conveyed to the chain-gang, to serve the sentence imposed.   The applicant excepted.

*J. W. Walters Jr.* and *J. J. Forehand,* for plaintiff.

*J. H. Tipton,* for defendant.

Cobb, P. J. (After stating the foregoing facts.) By an act approved December 21, 1898, the town of Sylvester in the county of Worth was incorporated under the name of the Town of Sylvester. Acts 1898, p. 269. By an act approved August 11, 1904, the city court of Sylvester was created. The act provided that the city court of Sylvester should be "located in the City of Sylvester in the county of Worth," and that "the sessions of said court shall be held in the court-house of Worth county, in said City of Sylvester, or at some other place in said city." (Acts 1904, pp. 207, 210.) At the date of this act there was no such municipality in the county of Worth as the City of Sylvester, the only municipality of that name being the Town of Sylvester, incorporated under the act of 1898. Subsequently the charter of the Town of Sylvester was repealed, and the City of Sylvester was created. The act creating the city provided that the same should go into effect immediately upon the approval of the act to abolish the charter of the Town of Sylvester. The act last mentioned was approved on August 15, 1904. (See Acts 1904, p. 644-5.) The question to be determined is whether the court attempted to be created under the name of the city court of Sylvester ever came into legal existence. The contention is, that, as the act located it in a municipality which had no legal existence, there was no place for the court to exist, and hence the legislative purpose to create a court was ineffective. In *White* v. *State,* 121 *Ga.* 592, it was held that the city court of Sylvester created under the act of 1904 was not a constitutional city court, and that therefore no writ of error would lie from that court to the Supreme Court. The General Assembly has authority to establish courts other than those named in the constitution. *Kelly* v. *Jackson,* 67 *Ga.* 274; *Daughtry* v. *State,* 115 *Ga.* 819. It was therefore within the power of the General Assembly to establish a court of the character indicated by the act of 1904, purporting to establish the city court of Sylvester. When a court is established, however, it must be located by the act establishing it. It is not necessary that it should be located at one place, but the act must provide the place or places at which it must be held. This court will take judicial notice that in 1904 the Town of Sylvester was the county site of Worth county. Hence when the act creating the city court of Sylvester declares in terms that its sessions shall be held "in the court-house of Worth county, in said City of Sylvester, or at some

other place in said city," it is necessarily to be inferred that the legislative intent was to create a court which was to be held at that place, which was the county site of Worth county; and the misdescription of the municipality as a city, instead of a town, will not vitiate the act and prevent the court therein provided for from coming into legal existence. It is true that mere reference in a legislative act to a place as a city, which is not in fact a city, will not have the effect to change the legal character of the municipality from a town to a city. *Savannah, Florida & Western Ry. Co.* v. *Jordan,* 113 *Ga.* 687; *Mitchell* v. *Lasseter,* 114 *Ga.* 275 (3), 280-1. But where the legislative intent to locate a court within a municipality which legally exists is manifest and clear, the act will not fail on account of a mere misdescription of the character of the municipality. The judge did not err in refusing to discharge the applicant on habeas corpus. Since the decision in *White* v. *State,* supra, the city court of Sylvester, established under the act of 1904, has been abolished, and a constitutional city court has been established in the City of Sylvester, as created under the act of 1904. Acts 1905, p. 368-9. The present writ of error is from a judgment rendered by the city court of Sylvester created under the act of 1905.

<div align="center">

*Judgment affirmed. All the Justices concur.*