### 913.   LOCKHART v. THE STATE.

RUSSELL, J.  1. The evidence fully established that the defendant was guilty of the theft of the whisky.  The testimony showed that the defendant entered the house in question through an open door, and that he went out, after committing larceny, through a back window.  Breaking out is not burglary.  *White* v. *State,* 51 *Ga.* 285.

2. One may be guilty of burglary as to a room or apartment in a house, portions of which are open to the public, where such force, however slight, as may be sufficient to effect an entrance is used in entering either a room or any other division of such public house.  *Daniels* v. *State,* 78 *Ga.* 98 (6 Am. St. R. 238).  But as to a private dwelling-house, a breaking into the house is necessary to be shown, in order to constitute a burglary.  The breaking and entering of one of the rooms of such private dwelling-house, where the entrance into the house is accomplished without breaking, is not burglary.

3. Although the accusation and the evidence make a case of burglary, yet, if they also make a case of larceny from the house, the defendant may be convicted of the latter offense.  *Green* v. *State,* 119 *Ga.* 120 (45 S. E. 990).     *Judgment affirmed.*

Accusation of larceny from house, from city court of Tifton—
Judge Eve.   December 11, 1907.

Submitted January 14,—Decided January 27, 1908.

*J. B. Murrow, J. J. Murray,* for plaintiff in error.

*W. J. Wallace, solicitor,* contra.