## 25836. PERRY v. THE STATE.

GUERRY, J. 1. "The act of March 22, 1935 (Ga. L. 1935, p. 327), known as the alcoholic beverage-control act, was not intended to become effective, in any part, as a repealing measure, independently of the election provided for therein. Whether or not the legislature exceeded its constitutional authority in submitting the act to a vote of the people, the provision for the referendum was so connected with the general scheme of the act that effect could not be given to the legislative intention, with such provision stricken. It being apparent that the legislature did not intend to put the act in force as the law without an affirmative vote of the people, it could not be declared to be a valid and effective statute despite the negative result of the election." *Reynolds* v. *State,* 181 *Ga.* 547 (182 S. E. 917).

2. "The courts take judicial cognizance that whisky is both spirituous and intoxicating, and no proof of these facts need be made in any case." *Maddox* v. *Eatonton,* 8 *Ga. App.* 817 (70 S. E. 214).

3. In the trial of one for the possession of intoxicating liquors, where the evidence discloses that certain officers discovered the whisky upon making a search of the defendant's premises, it is not necessary, in order to uphold the conviction, that the State prove that the officers were armed with a search warrant. "Evidence obtained by an illegal and unauthorized search of one's person is admissible against him, and does not violate this constitutional guaranty." *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893).

4. "There is nothing in the constitution of this State or of the United States which guarantees to a person charged with a misdemeanor the right to demand an indictment by the grand jury." *Daughtry* v. *State,* 115 *Ga.* 819 (42 S. E. 248); *Green* v. *State,* 119 *Ga.* 120 (45 S. E. 990).

5. There is no law of this State which requires a trial judge, on request of counsel made at the hearing of a motion for new trial, to commit to writing the charge he gave to the jury in the trial of the case.

6. The above principles of law sufficiently answer every question presented by this writ of error. The defendant was accused of the possession of

intoxicating liquor, which is still a violation of the law of this State (headnote 1); witnesses for the State testified that they saw him with whisky in his possession, and this was sufficient proof that he was in possession of *intoxicating liquor* (headnote 2); there was no need of proof that the officers were armed with a search warrant at the time they searched for and discovered the whisky (headnote 3); the judge did not err in failing to reduce to writing the charge he had given to the jury in the trial of the case, when the request was made at the hearing of the motion for new trial (headnote 5). The defendant, being charged with a misdemeanor, had no right to demand an indictment by the grand jury, and consequently there was no need for him to waive this supposed right. The judgment overruling the motion for new trial is      *Affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED OCTOBER 23, 1936.

J. D. Godfrey, J. Paxson Amis, for plaintiff in error.
C. E. Mayo, solicitor, J. E. Hyman, contra.