36893.   MARTIN *v.* THE STATE.

DECIDED OCTOBER 24, 1957.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.

CARLISLE, J. ■ The defendant demurred generally and specially to each count of the indictment. His demurrers to counts 1 and 3 were substantially the same, the grounds being: that it failed to charge the defendant with the violation of any of the laws of the State of Georgia; that it was not alleged therein whether the liquors were sold or merely offered for sale, whether they were tax-paid or non-tax-paid, nor what amount thereof was offered for sale or sold; and that said count failed to allege to whom said liquors were offered for sale. The demurrers to counts 2 and 4 were substantially the same and were as follows: that it failed to charge the defendant with the violation of any of the laws of the State of Georgia; that it was not alleged whether such liquors were tax-paid or non-tax-paid; that it failed to charge the defendant with the possession of any quantity of whisky; that it failed to set forth sufficient facts to place the defendant on notice of what crime he was charged with having committed and to enable him to prepare his defense.

Hall County is a "dry" county, a fact of which this court will take judicial cognizance. *Capitol Distributing Co.* v. *State,* 83 *Ga. App.* 303, 304 (63 S. E. 2d 451). In such county the provisions of the so-called "bone dry law" (Code § 58-201) are still in force and effect except as modified by Code (Ann.) Ch. 58-10 (*Reynolds* v. *State,* 181 *Ga.* 547 (1), 182 S. E. 917; *Cone* v. *State,* 184 *Ga.* 316 (1a), 191 S. E. 250; *Perry* v. *State,* 54 *Ga. App.* 410 (1) 187 S. E. 895), and the sale of spirituous alcoholic beverages in any quantity to any person is strictly prohibited. Code § 58-201 (Ga. L. 1937-38, Ex. Sess., pp. 103, 123). It is immaterial in such circumstances whether the liquors are tax-paid or non-tax-paid or to whom they are offered for sale or to whom they are sold. For these reasons the demurrers to counts 1 and 3 are not well taken.

However, it is an elementary rule of criminal procedure that an indictment should contain a complete description of the offense charged, and that there can be no conviction unless every essential element thereof is both alleged in the indictment and proved by the evidence. *O'Brien* v. *State,* 109 *Ga.* 51, 52 (1) (35 S. E. 112). Counts 2 and 4 of the indictment in this case did not allege whether the defendant was charged with possessing tax-paid or non-tax-paid liquors and did not allege what

quantity of whisky the defendant was charged with possessing. There is no question as to this fact. Since the possession of one quart or less of tax-paid liquor for use and consumption and not for sale in a dry county is lawful, the allegation of one or more of these elements must be regarded as essential to the legality of the indictment. The demurrer raises the question whether the indictment was sufficient under the law to charge the defendant with the commission of a crime in possessing an unspecified quantity of alcoholic, spirituous, malt and intoxicating liquors in a dry county. Under the ruling of this court in *Jenkins* v. *State*, 93 *Ga. App.* 360, 363 (92 S. E. 2d 43), the indictment here was not legally sufficient. In that case, Judge Townsend, speaking for the unanimous court in a case considered by both divisions, enumerated the four ways in which the offenses of possessing and transporting whisky in a dry county may be committed. "(1) By the defendant having any amount of whisky on the containers of which there are no proper State revenue stamps; (2) having more than one quart of whisky upon which the tax has been paid and upon the container of which there are proper revenue stamps; (3) one quart or less of whisky upon which the tax has been paid and the containers of which bear proper revenue stamps but held by the defendant for the purpose of sale and not for use and consumption, and (4) one quart or less of whisky upon which the tax has been paid and the containers of which bear proper revenue stamps but which was not procured from an authorized retailer." It was then held that a proper accusation or indictment should allege in which of these ways the offense was committed. Under the rules laid down in the *Jenkins* case and in *Capitol Distributing Co.* v. *State*, 83 *Ga. App.* 303, supra, the trial court erred in overruling the demurrers to counts 2 and 4 of the indictment.

It appears from the bill of exceptions that, before pleading to the case, the defendant informed the court that there was a special fund contributed to the State Department of Revenue by the citizens of Georgia and used for the enforcement of the liquor laws and for the apprehension of violators and the prosecution of persons charged with the violation of such laws. The defendant moved the court to furnish him with a list of contributors to this fund. The trial court denied this motion

and this ruling is assigned as error in the bill of exceptions. The motion was not that the court require the prosecution to furnish such a list, but it was addressed to the court and sought to require the court itself to furnish the list. This was an improper motion. There was no obligation on the part of the court to assist counsel for the defendant in the preparation of their case, and for this reason the court did not err in denying this motion.

■ In special ground 4 of the motion for new trial, the defendant contends that the court erred in admitting in evidence two one-pint bottles containing a substance testified to as being whisky. It is contended that this evidence was not admissible because it was not connected with the defendant by the testimony of the witness. This contention is without merit. The evidence shows that the prosecuting witness went to the defendant's house and purchased these bottles which he labeled immediately after purchasing them and which were turned over to a deputy sheriff for safe keeping until the trial. The prosecutor testified that the labels on the bottles introduced in evidence were the same labels which he had made and placed thereon immediately after purchasing the whisky, and the deputy sheriff to whom he handed them testified that they were in his custody in a safe in the courthouse until the time of the trial, and that while other persons had access to the safe, no changes were made in the contents of the bottles and that they were the same bottles which were handed to him by the prosecutor and the same bottles which he brought to the courtroom for the trial of this case. Under these circumstances, this evidence was sufficiently connected with the defendant and was not inadmissible for any of the reasons assigned.

■ Special ground 2 assigns error on the following portion of the charge of the court on the ground that it is not sound as an abstract principle of law in that it led the jury to believe that they must convict the defendant on all counts in the indictment, that it was argumentative and misleading and confusing, in that it commingled a charge with relation to verdicts of guilty and not guilty, and does not specify in said charge that the jury could find the defendant not guilty on the particular counts: "If you believe the defendant guilty of some of the

counts of the indictment and not guilty of other counts in the indictment or if you have a reasonable doubt of his being guilty on any count or counts of the indictment, then, you will give him the benefit of that doubt as to his being guilty of any particular count or counts in the indictment and it would be your duty to acquit him on such counts. In that event, the form of your verdict will be: We, the jury, find the defendant guilty of counts_____, giving the number of the count or counts you find him guilty on, or not guilty on such and such a count or counts, numbering them, whichever ones you believe he is not guilty on. In other words, if you find the defendant guilty on some counts and not guilty on other counts, then, you, in your verdict, will render a verdict in this form: We, the jury, find the defendant guilty on counts—for instance, say 1 or 2, or 3 or 4 and not guilty on 1 or 2 or 3 or 4, whichever it is, but if you find the defendant not guilty of counts 2 and 4, then you can't find the defendant guilty of counts 1 and 2."

This assignment is without merit. It appears from a reading of the charge as a whole that the judge charged the jury at length that they were authorized to find the defendant not guilty on each count of the indictment or on any one or more counts without regard to the other counts except that the defendant could not be guilty on counts 1 and 3 unless he was guilty on counts 2 and 4 respectively. When read in connection with the entire charge, it appears that the portion of the charge complained of in this ground is merely a summation of a lengthy instruction in this regard and it immediately follows the more detailed instruction. It did not state an erroneous abstract principle of law, and, when read in its context, it was not misleading or confusing.

■ The prosecutor, who was a State Revenue Agent, testified that he went to the defendant's house in Hall County on April 13th and purchased from the defendant a pint of whisky and that he returned to the defendant's house again on April 15th and purchased from him another pint of whisky. He positively identified the defendant as being the one from whom he made the purchases. While the defendant in his statement denied that he had ever seen the prosecutor, or ever sold or possessed any whisky, the jury was authorized to disbelieve the defendant's

statement and believe instead the testimony of the prosecutor under oath. The evidence authorized the verdict of guilty.

The conviction on counts 1 and 3 is hereby affirmed and reversed on counts 2 and 4.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Townsend, J., concur.*