Carley, Judge.
Appellant was tried before a jury on a two-count indictment. Count One alleged, in relevant part, that appellant “did unlawfully and with malice aforethought cause the death of [the victim], a human being, by blows to the head. . . .” Count Two alleged, in relevant part, that appellant “did, while in the commission of a felony, to wit: Aggravated Assault, cause the death of [the victim], a human being by beating said human being about the head. ...” The trial court, without request, charged on aggravated assault with a deadly weapon as a lesser included offense. The jury returned a verdict of guilty of aggravated assault. After the denial of his motion for new trial, appellant filed this appeal from the judgment of conviction and *144 sentence entered on the jury’s verdict of guilty.
Appellant’s sole enumeration of error is that “[a]s the indictment failed to charge a necessary element of the offense of aggravated assault, the offense of which appellant was found guilty was not [a] lesser included [offense] of the offense charged.” It is unclear from this enumeration exactly how it is that appellant contends the trial court erred. The record shows that appellant filed neither a pre-trial demurrer to the indictment nor a post-judgment motion in arrest of the judgment of conviction. Compare Phillips v. State, 240 Ga. 453 (241 SE2d 203) (1978); Rushin v. State, 180 Ga. App. 276 (1) (348 SE2d 910) (1986); Ponder v. State, 121 Ga. App. 788 (175 SE2d 55) (1970); Martin v. State, 96 Ga. App. 557, 558 (1) (100 SE2d 645) (1957). Accordingly, appellant’s contention presumably is that it was error for the trial court to charge on aggravated assault with a deadly weapon as a lesser included offense of malice or felony murder.
“The trial judge . . . may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation.” State v. Stonaker, 236 Ga. 1, 2 (2) (222 SE2d 354) (1976). “ ‘The general rule concerning lesser included offenses appears to be: “To warrant conviction of a lesser offense on an indictment or information charging a greater offense, it is essential that the allegations describing the greater offense contain all essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser.” ’ [Cit.]” (Emphasis supplied.) Tuggle v. State, 145 Ga. App. 603 (1) (244 SE2d 131) (1978). In the present case, it is clear that the crime of aggravated assault was “necessarily” a lesser included offense at least as to the felony murder count. That count of the indictment specifically alleged that appellant’s commission of an “aggravated assault” against the victim by “beating [him] about the head” was the underlying felony. Accordingly, the greater offense of felony murder “necessarily” included the offense of aggravated assault. See Atkins v. Hopper, 234 Ga. 330, 333 (3) (216 SE2d 89) (1975). Compare Anderson v. State, 170 Ga. App. 634 (317 SE2d 877) (1984) (simple battery not necessarily a lesser included offense in the crime of aggravated assault); Porter v. State, 163 Ga. App. 511, 512 (1) (295 SE2d 179) (1982) (criminal interference with governmental property not necessarily a lesser included offense in the crime of criminal damage to property); Tuggle v. State, supra (simple battery not necessarily a lesser included offense in the crime of aggravated assault). If appellant wished to contest the sufficiency of the indictment’s allegations concerning his commission of the underlying aggravated assault against the victim, he could have filed a pre-trial demurrer. See Phillips v. State, supra; Rushin v. State, supra; Martin v. State, supra. As noted, however. he did not do so.
*145 Decided February 1, 1989.
Kenneth D. Kondritzer, for appellant.
Spencer Lawton, Jr., District Attorney, for appellee.
The evidence clearly authorized a finding that appellant had beaten the victim about the head with either a rock or with his fists and, thus, had committed an aggravated assault with a deadly weapon. See Harper v. State, 152 Ga. App. 689, 691 (2) (263 SE2d 547) (1979). It follows that the trial court correctly charged on aggravated assault with a deadly weapon as a lesser included offense of murder. See generally Hall v. State, 163 Ga. App. 515 (1) (295 SE2d 194) (1982).

Judgment affirmed.

Deen, P. J., and Sognier, J., concur.