Harrell *vs.* Pickett *et al.*

---

JOHN HARRELL, plaintiff in error, *vs.* JAMES PICKETT *et al.*, defendants in error.

The proper mode of bringing before the Superior Courts of this State the judgment of an Ordinary, rendered in the discharge of duties devolved upon him, in relation to county matters, previously vested in the Inferior Courts, or of matters not touching the probate of wills, or administration, or otherwise specially provided by law, is by *certiorari*, and not by appeal.

   *Certiorari.*    Appeal.    Before Judge CLARK.    Webster Superior Court.    March, 1871.

   Picket *et al.* petitioned the Ordinary to lay out a public road over the land of Harrell.    He ordered it laid out, and Harrell entered an appeal to the Superior Court.    When the cause was called for trial, upon motion, the Court dismissed

it, upon the ground, that an appeal did not lay in such case; that the remedy was *certiorari*.   This is assigned as error.

W. A. Hawkins, for plaintiff in error.

No appearance for defendant.

Lochrane, Chief Justice.

The legal question presented by the record in this case arises upon the application of James Pickett and others, to the Ordinary of Webster county, to lay out a public road through the lands of the plaintiff in error, which was granted by the Ordinary, and an appeal entered from such judgment to the Superior Court.   The Court dismissed the appeal, upon the ground, that *certiorari*, and not appeal, was the proper remedy.   Under section 5th of the Constitution of 1868, (section 5183 of the Code,) it is declared, "The powers of a Court of Ordinary and of probate shall be vested in an Ordinary for each county, from whose decision there may be an appeal to the Superior Court, under regulations prescribed by law."   And section 2d declares, "The Courts of Ordinary shall have such powers in relation to roads, bridges, ferries, public buildings, paupers, county officers, county funds and taxes, and other matters, as shall be conferred on them by law."

Under Article IV., section 14, (Revised Code, 5209,) Inferior Courts were abolished, and it is declared, "That the Courts heretofore existing in this State, styled Inferior Courts, are abolished, and their unfinished business and the duties of the Justices thereof are transferred to such tribunals as the General Assembly may designate."   And section 5232, Article XI., declares, "The books, papers and proceedings of the Inferior Courts shall be transferred to and remain in the control of the Ordinaries, who shall perform the duties of said Courts until otherwise provided by law."   The legal question presented is, whether the decision of the Ordinary, in the performance of duties originally vested in the

Inferior Courts, is such a judgment of a Court of Ordinary and of probate as may come by an appeal to the Superior Court. The Constitution, Code, 4979, declares, " The powers of a Court of Ordinary and probate shall be vested in an Ordinary for each county, from whose decision there may be an appeal to the Superior Court." And the Constitution, in declaring the appellate jurisdiction of the Superior Courts, (section 4969,) declares, it shall have power to correct errors in inferior judicatories by writ of *certiorari.* The decisions of the Inferior Court, and including those of the Ordinary, (except in cases touching the probate of wills, granting letters testamentary, and of administration,) by section 3977 of the Code, were brought before the Superior Court by writ of *certiorari,* the provisions for which are prescribed under the sections of the Code following. Upon construing these various sections of the Constitution and the Code together, we are of opinion that, in the case at bar, the decision of an Ordinary in the discharge of duties devolved upon him, in relation to county matters previously vested in the Inferior Courts, or of matters not touching the probate of wills or administration, or otherwise specially regulated by law, under section 3977 of the Code, can be brought to the Superior Court only by writ of *certiorari;* and we, therefore, affirm the judgment of the Court below.

Judgment affirmed.