KIRTLAND, BABCOCK & BRONSON, plaintiffs in error, *vs.* MARTHA DAVIS, defendant in error.

Upon appeal from the judgment of the Ordinary setting apart a homestead of realty and personalty exemption, it is error in the Court to restrict the jury to find for or against the homestead, etc., as platted; the whole case comes up by the appeal, and the Court should administer the law with regard to its terms and provisions.

Kirtland, Babcock & Bronson *vs.* Davis.

The Act of 1869 applies to personalty, and the wife, in making application for exemption of personalty, is bound by the fraud or concealments of property by her husband, and must conform, in such proceedings, to the provisions of the Act of 1869.

Homestead and exemption of personalty. Appeal. Before Judge HARRELL. Randolph Superior Court. November Term, 1870.

Mrs. Davis averred that her husband would not claim the benefit of the Homestead and Exception Act, and claimed them for herself and her minor children. Avoiding such matters as, under the decision here are unimportant, it is sufficient to say that she claimed as homestead two store-lots and the stores thereon, in Cuthbert, and certain specified furniture, etc., for exemption. She averred that she could not give a schedule of her husband's personal property because she did not know of what it consisted. Kirtland, Babcock & Bronson, judgment creditors of her husband, demurred to her petition, because she did not give a schedule of her husband's personalty, and because a homestead is assignable only out of land which is to be used as a residence. The Ordinary overruled the demurrer, and after the usual proceedings exempted the store-houses and lots and the personalty claimed by her petition. The creditors appealed. When the appeal came on for trial they renewed the demurrer, and it was overruled. Her counsel tendered as evidence the affidavits of the county surveyor and of the appraisers, etc., and were allowed to read them, notwithstanding defendant's objection thereto. Witnesses testified that the store-houses were not worth over $2,000 00 in specie, and as many more put their value in specie at from $3,000 00 to $4,000 00 when the petition was filed. Defendants proved that about the time of filing this petition the husband was merchandising, and had a stock of goods worth, say $2,000 00; that the sheriff undertook to levy their *fi. fa.* upon said goods, but could not because the husband locked them up. The husband testified that he watched defendant's attorneys till mid-

night, and from night to night carried them on his back to his lot and put them into a crib about thirty yards from his dwelling, and then had them hauled to Alabama by night, and was at the trial selling the goods in Alabama, as his wife's trustee; that he was appointed her trustee to take charge of a fund coming to her from her father's estate. He said his wife did not know of his hiding his goods as aforesaid. The Court told the jury that the Act of 19th of March, 1869, to prevent fraud in laying off homesteads and exempting personal property, under the Constitution of Georgia was not applicable to this cause; that any fraud whatever of the husband, though the wife knew it, would not prevent her from having a homestead out of his property, unless the wife consented to the fraud and participated in its perpetration; that a homestead might be laid off in any lands of the husband, though they had store-houses and not dwellings thereon, and that they must find either for or against the homestead as platted.

The jury found for the homestead as platted, and the personalty as claimed. The defendants moved for a new trial upon the grounds, that the Court erred in overruling said demurrer, and in each of said charges, and because the verdict was contrary to law, etc. The new trial was refused, and thereupon error is assigned.

HOOD & KIDDOO, for plaintiffs in error, read Acts 1869, page 23. Said husband's consent was necessary: Story on Con., section 1399. The appeal brought up case *de novo,* and affidavits, etc., were but pleadings: 40 Georgia Reports, 71. Fraud of husband affects wife: Acts 1868, page 28, section 6; Acts 1869, pages 23, 24. A store is not a homestead: Bouv. Dic., "Homestead;" Cooley's Con. L., 59–60.

H. FIELDER, for defendant.

Kirtland, Babcock & Bronson *vs.* Davis.

LOCHRANE, Chief Justice.

The question in this case arises upon the application of Martha Davis for homestead and exemption of personalty. The case comes by appeal from the judgment of the Ordinary of Randolph county to the Superior Court. We do not deem it necessary, from the view we entertain of this case, to dispose of the assignments of error *seriatim*, or follow the order in which they were presented to the Court, but, inasmuch as we reverse the judgment of the Court below, we propose to lay down the general grounds upon which such judgment of reversal is founded. And we commence by saying that, under the Act of 1868, we are of opinion the term homestead does not imply simply the home of the party, nor is it restricted to the dwelling house or residence. The Constitution in providing for homestead and exemption, etc., uses the language : "shall be entitled to a homestead of realty," etc., and the Act of 1868 gives legislative construction by providing how such homestead of realty may be set apart, and we, therefore, hold that the property set apart by the Ordinary in this case was within the provisions of the Constitution.

Again, we hold that the Act of 1868, section 6, which provides that, either party dissatisfied with the judgment shall have the right to appeal under the same rules, regulations and restrictions as are provided by law in cases of appeal from the Court of Ordinary, intended by such appeal to the Superior Court to bring up the case *de novo* before that Court for its adjudication. In the language of this Court in *Lynch vs. Pace*, 40th Georgia, 173, "the whole case is brought up by the appeal;" and the jurisdiction of the Court is not limited on such appeal, but embraces the adjudication of all the questions that may be made upon such trial. And, upon the presentation of the case in the Superior Court, we see no error in permitting the proceedings before the Ordinary to be read as a part of the pleadings, em-

bracing the affidavits of the appraisers attached to the record as a part thereof. But such affidavits are not testimony before the Court and jury on the trial of the appeal, and could be read only as a part of the pleadings, and not as evidence.

Again, we hold that the Act of 1869, amendatory of the Act of 1868, in regard to homesteads, applies only to the exemption of personalty, and not to the setting apart of realty, under the law; and, inasmuch as this application embraces personalty, it was applicable and pertinent, and its provisions should have been given in charge to the jury in relation thereto. While we are satisfied that the main question before the jury, in this case, turned upon the evidence touching the homestead of reality in the Court below, it was, nevertheless, proper, as a part of the record, to have given it in charge, not as counsel may have requested, as applicable to the realty, but to the personalty.

And we hold the Court erred in holding that the wife, when an applicant for exemption of personalty, is not within the provisions of the Act of 1869; but she takes the place of her husband in such application, and is affected by any frauds or concealments of property committed or perpetrated by him. And this arises out of the relationship, irrespective of any proof connecting her therewith, or charging her with collusion or confederacy with such frauds or concealments of personal property.

Again, we hold the Court erred in charging the jury that, in this case, they were obliged to find either for or against the homestead platted. This is a new question, and becomes important in its application to the administration of the Homestead Acts. The Constitution declares the right, and dictates the duty to the General Assembly, to provide by law for its assertion. The Legislature have passed the Act, and have designated the Ordinary as the officer whose duty it shall be to carry it into effect, and provides for an appeal in the manner previously stated. Upon such appeal, the Superior Court takes jurisdiction of the whole case, and this ju-

risdiction is not limited by the Act. And we are of opinion that the Court, in the exercise of its jurisdiction, may go into any and all the questions that may be made before it, touching the setting apart of such homestead of realty and exemption of personalty. And this jurisdiction includes the power to administer the Act, and to either sustain the judgment.of the Ordinary in its entirety, or to set it aside upon legal grounds; or, in case they find, from the evidence, that the value of the property, at the time it was set apart, exceeds the amount limited by the Constitution, to diminish by their verdict the property so set apart within the constitutional limitation; and, as a power incident to such appeal, to decree a resurvey, if necessary, so that the Act may be legally administered, and the rights arising under it' fully adjudicated by such Court, on such appeal. It was not the intention of the Legislature to enact a law in the administration of which gross frauds may be perpetrated, but simply to protect a reasonable amount of property from levy and sale, to protect the women and children of the country in a home, or means to provide one; and the administration of the law should be with a view to this beneficent intent, closely and carefully guarded, and not bring the Act itself into disrepute by making it a means of fraud upon creditors; and to this effect the appeal to the Superior Court was provided that it might be administered under a supervisory power, in conformity to the law. Judgment reversed.