JOSEPH J. and SARAH J. LATHROP, plaintiffs in error, *vs.* THE SOLDIERS' LOAN AND BUILDING ASSOCIATION, defendants in error.

The Superior Court has jurisdiction to correct errors by a writ of *certiorari* to the judgment of the Ordinary, allowing a homestead under the provisions of the seventh section of the Homestead Act of 1868.

When a married woman, having a separate estate, executed a mortgage thereon to secure the payment of the sum of $8,000 loaned to her, and made an affidavit on the back of the mortgage that the money was to be used for the payment of the purchase-money due for the property ; and it appearing that the money was loaned on the faith of that sworn statement :

*Held,* That she was estopped from controverting the facts stated in her affidavit on an application for homestead exemption under the Homestead Act of 1868, as against the mortgagee.

The wife having no children of her own, is not the "head of a family" of the children of her husband by a former marriage.  (R.)

Homestead. Estoppel. *Certiorari.* Practice. Separate property. Before Judge GIBSON. Richmond Superior Court. January Term, 1871.

For the facts of this case, see the decision.

HOOK & GARDNER, for plaintiff in error.

J. GANAHL, for defendant. The property of the wife is not subject to homestead, unless she had assigned the property to the husband, or they were living apart: Code, section 1743. Husband the head of the family : Homestead Act, 1869, sections 1, 27 ; Homestead Act, 1870, sections 3, 4 ; Constitution, Article VII., section 6. The Loan Association is within the exceptions, being a purchase-money creditor : Chambless *vs.* Phelps, 39 Georgia, 386. Exceptions not triable by Ordinary. If the exceptions are tried by the Ordinary, the creditor being a party, he is bound : 41 Georgia, 96. *Certiorari* the proper remedy. Appeal did not lie. If it did, that circumstance did not take away the remedy of *certiorari :* Constitution, Article V., section 3 ; 3 Bouv. Inst., section 2528 ; 3 Hammond, 279 ; 14 Mass., 420 ; 7 Pickering, 321 ; 6 E. C. L., 521 ; 2 Chitty, Gen. Prac., 215.

WARNER, Chief Justice.

An application was made to the Ordinary of Richmond county by J. J. Lathrop and S. J. Lathrop, his wife, as head of a family, for a homestead exemption out of the value of a city lot in the city of Augusta, under the provisions of the 7th section of the Homestead Act of 1868. The Ordinary allowed the homestead, and the Soldiers' Loan and Building Association, a mortgage creditor of the applicants, excepted to the judgment of the Ordinary allowing the homestead, on the ground that the applicants were not entitled to the homestead exemption prayed for under the law applicable to the facts of the case. The exceptions were overruled by the Or-

dinary, and the mortgage creditor applied for and obtained a *certiorari* and brought the case before the Superior Court. On the hearing in the Superior Court, a motion was made to dismiss the *certiorari*, on the ground that the creditor's remedy was by an appeal to the Superior Court and that a *certiorari* would not lie to correct errors of law in the judgment of the Ordinary, which motion was overruled, and the defendants excepted. On hearing the *certiorari*, the Court sustained the same and set aside the judgment of the Ordinary allowing the homestead, and defendants excepted. There was no error in overruling the motion to dismiss the *certiorari*. If the jurisdiction of the Superior Court to correct errors in inferior jurisdictions by writ of *certiorari*, as conferred by the Constitution, was ousted by the provision for an appeal under the sixth section of the Act, (which we do not concede,) it certainly is not in relation to proceedings had under the seventh section. It appears from the evidence in the record that the city lot is the separate property of Mrs. Lathrop, that she has no children, but her husband has children by a former marriage. She is under no legal or moral obligation to support his children. She was not the head of a family of the minor children of her husband within the meaning of the first section of the Act of 1868, and her husband and his children had no title to the property.

It appears from the record, that on the 16th day of February, 1866, Mrs. Lathrop mortgaged the city lot to the Soldiers' Loan and Building Association as her separate property, to secure the loan to her of the sum of $8,000 and interest thereon. It also appears that she made an affidavit on the back of said mortgage, before a Notary Public, (who examined her separate and apart from her husband) that the mortgage was executed by her free will and consent, and that the mortgage money was to be used for the payment of the money due on the purchase of the property, to John H. Myer, Esq. It also appears from the evidence in the record that the money was loaned to her on the faith of her sworn statement on the back of the mortgage.

In our judgment, Mrs. Lathrop is estopped from controverting the facts stated in her affidavit, and to allow her to claim a homestead exemption under the seventh section of the Act, as against the mortgagee, would be, to speak in the mildest terms, a legal fraud. We find no error in the judgment of the Superior Court in sustaining the *certiorari*, upon the facts disclosed in this record.

Let the judgment of the Court below be affirmed.