Crawford and May *vs.* Ward.

---

WILLIAM P. CRAWFORD AND SAMUEL W. MAY, executors, plaintiffs in error, *vs.* SARAH E. WARD, defendant in error.

1. On the trial of an appeal from the judgment of the Ordinary allowing two lots of land, by their numbers and district, as a homestead, the proceedings showing the number of acres, and the issue is, whether the homestead set apart by the Ordinary is not in value greater than $2,000 00 in specie, and, in the evidence, the value is given by the witnesses at certain rates per acre—the jury may find by their verdict in favor of the homestead as allowed by the Ordinary, if they believe, from the testimony, it does not exceed in value the constitutional limit. And if from the evidence they believe it does exceed in value

said limit, they may reduce the number of acres, and specify how much and what part of the land shall be allowed as a homestead, so that the same shall not be of greater value than $2,000 00 on a specie valuation.

2. The verdict in this case is not so strongly and decidedly against the weight of the evidence in reference to the value as to authorize it to be set aside, when the question was fully and distinctly submitted by the Court to the jury.

New trial. Homestead. Before Judge HARRELL. Randolph Superior Court. May Term, 1872.

Sarah E. Ward, wife of Andrew J. Ward, petitioned the Ordinary of Randolph county to have a homestead set apart for herself and her minor children, in lots of land numbers eleven, twelve and thirteen, in the ninth district of said county. Said tract contained, according to the return of the county surveyor, six hundred and seven and one-half acres. Two of the commissioners appointed to value said land estimated it as worth five dollars in specie per acre, the third dissenting. George W. Crawford, a creditor of Andrew J. Ward, objected to the valuation. After hearing the evidence and argument, the Ordinary set apart lots numbers eleven and twelve, with the improvements thereon, as a homestead for the petitioner. George W. Crawford carried the case by appeal to the Superior Court. The jury, by their verdict, sustained the judgment of the Ordinary.

George W. Crawford moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in refusing to charge as requested, " that the jury should find for or against the homestead set apart by the Ordinary," and in charging " that they should find, according to the evidence, a homestead for the applicant not exceeding in value $2,000 00 in specie; that if the evidence would warrant it, they might find the six hundred acres embraced in the application and first set apart by the surveyor; or, that they could find the four hundred acres to which it was reduced by the commissioners and as set apart by the Ordinary, or a less number of acres if they believed

from the evidence that the four hundred acres was worth more than $2,000 00 in specie; that it was their duty to set apart a homestead of $2,000 00 in specie value out of these lands, and must find the amount of land she was entitled to from the evidence."

2d. Because the verdict is contrary to the principles of equity and justice.

3d. Because the verdict is strongly and decidedly against the weight of evidence.

The evidence was conflicting as to the value of the land, irrespective of the improvements. Different witnesses estimated it as being worth different prices, varying from three dollars to eight dollars in gold per acre. The cost of the improvements was estimated at from $4,000 00 to $5,000 00. All the testimony showed that the place is well improved.

The new trial was refused, and George W. Crawford excepted upon each of the aforesaid grounds.

The death of George W. Crawford was suggested in the Supreme Court, and his executors were made parties in his stead.

E. L. DOUGLASS; H. FIELDER, for plaintiffs in error.

HOOD & KIDDOO; C. B. WOOTEN, for defendant.

TRIPPE, Judge.

Sarah E. Ward filed her application to the Ordinary of Randolph county for a homestead. The surveyor returned, as surveyed by him with a plat, three lots of land, by numbers eleven, twelve and thirteen, each containing two hundred two and a half acres. George W. Crawford (then in life) as a creditor, filed his objection that the land was of greater value than $2,000 00 in specie. Commissioners were appointed, who reported the land to be worth five dollars per acre. The Ordinary, on this report, allowed two of the lots on which were the improvements, as a homestead, and passed an order accordingly. From this the objecting creditor appealed.

Crawford and May *vs.* Ward.

On the trial, evidence was introduced by both parties as to the value of the land, and of the improvements, and of the land as affected by the improvements. The witnesses differed greatly in their estimates of the value, varying from three to eight dollars per acre.

The Court was requested by counsel for objecting creditor to charge the jury, that "it was the duty of the jury to find either for or against the homestead, as allowed by the Ordinary," which the Court refused, and charged "that they should find according to the evidence a homestead not exceeding $2,000 00 in specie, that they could find the four hundred acres set apart by the Ordinary, or for a less number of acres, if they believed from the evidence that the four hundred acres were worth more than $2,000 00 in specie; that it was the duty of the jury to set apart a homestead of $2,000 00 in specie value out of this land, and they must find the amount of land she was entitled to from the evidence." The refusal of the Court to charge as requested, and the charge as given, are complained of.

1. The decision in *Kirtland et al., vs. Davis*, 43 *Georgia Reports*, we think settles this question. An appeal carries up the case so that it may be heard *de novo*, and the appellate Court has the powers of the Ordinary, on the trial of the appeal. The jury may find as they were instructed by the Court they could do, and if the evidence was such that they could not define by metes and bounds, or by proper discriptions, the portion of land they might find as a homestead, provided they found less than the Ordinary allowed, they could so frame their verdict as to authorize the Court to have the proper order to issue to the surveyor to survey the land and make and return such a plat as might be required by the terms of the verdict.

2. We do not think that the weight of the evidence was so strongly against the verdict as to authorize a new trial on that ground. The question of the value was distinctly and fully submitted to the jury.

Judgment affirmed.