## CUNNINGHAM *v.* UNITED STATES ·SAVINGS AND LOAN COMPANY *et al.*

An appeal does not lie to the superior court from a judgment rendered by the ordinary sustaining a demurrer to an application for a homestead. In such a case the exclusive remedy for reviewing the judgment is by certiorari.

Argued December 12, 1899.—Decided January 27, 1900.

Petition for homestead. Before Judge Lumpkin. Fulton superior court. March term, 1899.

*L. R. Ray* and *W. R. Hammond*, for plaintiff.

*W. M. Everett, Dorsey, Brewster & Howell, Simmons & Corrigan, King & Anderson,* and *James K. Hines,* contra.

. . . .

LEWIS, J.    Anna O. Cunningham presented to the ordinary of Fulton county her petition to have set apart to her as a homestead certain lands belonging to petitioner.    At the hearing of this application the defendants in error, her creditors, demurred to the petition.    This demurrer the ordinary sustained, and from the judgment dismissing her application petitioner appealed to the superior court.    When the case was called for a hearing in the superior court, counsel for defendants in error moved that the case be dismissed, on the ground that an appeal would not lie from the judgment of the ordinary dismissing an application for a homestead upon demurrer, but that the remedy is by certiorari, and not by appeal.    The court sustained the motion to dismiss the case, to which judgment plaintiff in error excepts.

We think that not only the statute, but also the adjudications of this court, have recognized the distinction between the court of ordinary and the ordinary.    The present constitution of the State declares that "The judicial powers of this State shall be vested in a Supreme Court, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law."    Civil Code, § 5831.    It further declares that "The powers of a court of ordinary, and of probate, shall be vested in an ordinary for each county, from whose decision there may be an appeal (or, by consent of parties, without a decision) to the superior court, under regulations prescribed by law."    Civil Code, § 5852.    Under section 4251 of the Civil Code, it is provided, "The courts of ordinary shall be held in each county, by the ordinary thereof, on the first Monday in each month."    In the jurisdiction conferred upon courts of ordinary in section 4232 of the Civil Code, we nowhere find that they are given jurisdiction over homesteads.    The constitution of the State, art. 9, sec. 4, par. 1, provides that the General Assembly shall provide by law, as early as practicable, for the setting apart and valuation of property for homestead.    So far as the constitution, therefore, is concerned, the General Assembly was unrestricted as to the manner in which it could by statute provide for the setting apart of a homestead.    It could have conferred

618 CUNNINGHAM <em>v.</em> U. S. LOAN CO. (109

the jurisdiction of passing upon applications for homestead upon any other officer in the county as well as upon the ordinary. Under section 2828 of the Civil Code, it will be seen that this power was conferred by act of the legislature upon the ordinary of the county in which the applicant resided ; and nowhere upon the court of ordinary, over which he presided. Section 4454 of the Civil Code provides for an appeal from any decision made by the court of ordinary, except an order appointing a temporary administrator. It is true that the ordinary acts in a judicial capacity, not only when he sits as judge of the court of ordinary, but in instances when not sitting as such judge. He certainly acts in a judicial capacity when he passes upon applications for homestead ; but he is no more a judicial officer in that case than the sheriff would have been, had the legislature conferred power upon that officer to determine the same questions with reference to homesteads.

We know of no provision in the law anywhere that gives the right of appeal from a decision of the ordinary when not rendered as judge of the court of ordinary, except the appeal provided for in section 2838 of the Civil Code. It will be seen, however, that the provisions of that section with reference to an appeal from the judgment of the ordinary have no application whatever to the case we are now considering. By the preceding section of the Civil Code (2836) the right is given to any creditor of the applicant for homestead to make objections to the schedule, for want of sufficiency and fulness, or for fraud of any kind, or to dispute the valuation of personalty, or the propriety of the survey, or the value of the premises so platted as the homestead. Section 2838 provides that upon such objections being filed in writing, unless the applicant shall so alter the schedule or plat, or both, as to remove said objections, the ordinary shall appoint three disinterested appraisers to examine the property concerning which the objections are made, and on their return, if either be found to be too large, such alterations shall be made as the ordinary may deem proper to bring the same within the limits of the value allowed by the constitution. Now, that section simply provides that either party dissatisfied with such a judgment as this, rendered

by the ordinary, shall have the right to appeal under the same rules, regulations, and restrictions as are provided by law in cases of appeal from the court of ordinary. But no such judgment and no trial embodying these issues were involved in this case. The case at bar presents simply the question as to whether an appeal will lie from the decision of the ordinary sustaining a demurrer to petitioner's application for a homestead, a decision and trial which involved purely a question of law. The very fact, therefore, that no provision appears anywhere in the homestead act authorizing an appeal from such a decision of an ordinary shows that no right of appeal exists in such a case. But there is a section of the Civil Code (4634) which fully presents a remedy for the correction of the errors complained of in this record. That section declares: "The writ of certiorari will lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers, including the ordinary, except in cases touching the probate of wills, granting letters testamentary and of administration." The jurisdiction of the superior court to correct by writ of certiorari judgments of the ordinary in relation to homesteads was recognized by this court in *Lathrop* v. *Building Asso.*, 45 *Ga.* 483. We think the principle ruled in *Harrell* v. *Pickett*, 43 *Ga.* 271, controls this case. It was there decided that the proper mode of bringing before the superior courts of this State the judgment of an ordinary, rendered in the discharge of duties devolved upon him, in relation to county matters, previously vested in the inferior courts, or of matters not touching the probate of wills, or administration, or otherwise specially provided by law, is by certiorari, and not by appeal. It will be seen from the opinion of Chief Justice Lochrane delivered in that case that the decision of the court was based upon the same provisions of the constitution of the State then in force, to wit, the constitution of 1868, in reference to appeals from the court of ordinary, and upon the same statute with reference to the writ of certiorari from the decision of any person exercising judicial powers, including the ordinary, as are now embodied in the present constitution and laws of this

State. It was there decided that, upon construing these various sections of the constitution and code together, the decision of an ordinary, in the discharge of duties devolved upon him in relation to county matters previously vested in the inferior courts, or of matters not touching the probate of wills, or administration, or otherwise specially regulated by law, under section 3977 of the Code of 1868 can be brought to the superior court only by writ of certiorari. Section 3977 of the Code of 1868, then in existence, is substantially the same as section 4634 of the present Civil Code, above quoted. The only difference is that the section in the present code omits designating the "inferior court, or the justices thereof," from the simple fact that that court has been abolished.

But the case at bar is really a stronger one in support of the position that the appeal from the judgment of the ordinary complained of was not the legal remedy for reviewing his decision, than was the case of *Harrell* v. *Pickett*, just cited; for the constitutions, both of 1868 and of 1877, provide that "The courts of ordinary shall have such powers in relation to roads, bridges, ferries, public buildings, paupers, county officers, county funds, county taxes, and other county matters, as may be conferred on them by law." Under this provision in the constitution, therefore, the question might arise with some force as to whether or not the business of the inferior courts was turned over to the ordinary, or court of ordinary. There is no question in the case now under consideration as to whether the jurisdiction with reference to setting apart homesteads under the present constitution and statutes of the State was conferred upon the ordinary, or court of ordinary. It was clearly conferred upon the ordinary himself, who has power to pass upon the same at any time without regard to any term of the court of ordinary. Our attention has been called to several cases which have been before this court where appeals were taken from similar decisions of the ordinary in homestead matters; for instance, the case of *Marsh* v. *Lazenby*, 41 *Ga.* 153. It appears from the facts recited in that case that it was tried in the superior court on an appeal from the judgment of the ordinary dismissing the petition of the applicant for homestead. See also *Kirtland*

v. *Davis*, 43 *Ga.* 318; *Lynch* v. *Pollard*, 40 *Ga.* 173 ; *Crawford* v. *May*, 49 *Ga.* 43 ; *Blackwell* v. *Broughton*, 56 *Ga.* 390 ; *Burns* v. *Chandler*, 61 *Ga.* 385. In the cases cited this court passed upon issues that were decided in the trial of the case on appeal to the superior court from the decision of the ordinary. But in none of these cases, or in any others that we have been able to find, was the question ever made before this court as to whether or not an appeal was the proper remedy. The decisions cited by counsel for plaintiff in error only tend to show that it seems to have been a common practice in the profession to treat any decision of the ordinary in homestead matters as a ruling from which the law gave either party a right of appeal ; and no question, either on the trial of the appeal, or in the review of that trial by this court, being made touching the right of appeal, this court never passed upon the question. None of these decisions, therefore, can be considered as deciding any principle in conflict with our views in this case.

*Judgment affirmed.    All the Justices concurring.*