## FONTANO *v.* MOZLEY & COMPANY, and *vice versa.*

An appeal to the superior court from the judgment of the ordinary, in setting apart or refusing to set apart a homestead, lies only where the objections interposed by creditors of the applicant are those provided for in the Civil Code, § 2836. When objections other than those specified in that section are filed, the judgment of the ordinary is reviewable by certiorari, and appeal is not the remedy.

Argued October 5,—Decided October 15, 1904.

Appeal. Before Judge Hammond. Richmond superior court. June 8, 1904.

*C. Henry Cohen* and *Samuel H. Meyers*, for Fontano.
*Charles P. Pressly* and *Pierce Brothers*, contra.

EVANS, J. Fontano filed his application before the ordinary of Richmond county, praying the setting aside of a homestead. Citation issued to the creditors, in the usual form. At the hearing before the ordinary, Mozley & Company, creditors of the applicant, interposed the objection that the applicant did not own a portion of the property embraced in the schedule. The ordinary heard evidence upon the issue thus made, and dismissed the application. An appeal from this judgment was taken by the applicant to the superior court of Richmond county. When the

case came, on to be heard on the appeal, counsel for the creditors moved to dismiss the same on the ground that an appeal from the judgment of the ordinary refusing to set aside a homestead could be taken only in those cases specified in the Civil Code, §§ 2836, 2838.   The court overruled the motion to dismiss the appeal; whereupon exceptions pendente lite were duly taken to the refusal of the court to dismiss the appeal.   The applicant then filed his demurrer in writing to the objections previously filed by the creditors before the ordinary, upon the ground that they were insufficient in law and contained no objection known to the law for resisting the setting apart of a homestead.   The creditors then offered to amend by setting up that prior to the application the applicant had committed a fraud against his creditors, in conveying his property to a third person for the purpose of hindering and defrauding his creditors.   This amendment was allowed by the court over the objection of the applicant; and to the judgment overruling the demurrer, and to the allowance of the amendment to the objections filed by the creditors, the applicant excepted, and sued out a bill of exceptions to this court. The creditors filed a cross-bill of exceptions complaining of the judgment of the court in refusing to sustain their motion to dismiss the appeal, as certified in the exceptions pendente lite.

From the view we take of this case, it is only necessary to pass upon the questions made by the cross-bill of exceptions, because the court erred in overruling the motion to dismiss the appeal. As to the practice to be followed in such cases, see *Monroe* v. *Lippman*, 115 *Ga.* 164; *Alabama Ry. Co.* v. *Stevens*, 116 *Ga.* 791 (4).     An appeal from the ordinary is a matter purely of statutory right; and unless provision is made for an appeal, the remedy of the losing party to complain of any error in the judgment of the ordinary in setting apart or in refusing to set apart a homestead, other than as provided for in sections 2836 and 2838 of the Civil Code, is by certiorari.     *Cunningham* v. *United States Co.*, 109 *Ga.* 616.   The sections of the code just cited (§§ 2836, 2838) provide for an appeal from the judgment of the ordinary only in cases where objections are filed to the schedule " for want of sufficiency and fullness, or for fraud of any kind, or to dispute the valuation of said personalty, or the propriety of the survey, or the value of the premises so

platted as the homestead." If the judgment is based upon objections other than those specified in the statute, the remedy is by certiorari. It will be observed that no demurrer to the sufficiency of the objections interposed by the creditors was filed by the applicant before the ordinary; and if the ordinary erred either in entertaining these objections or in the decision he rendered on the merits thereof, the applicant had an ample remedy by certiorari to correct any error the ordinary may have committed. Civil Code, § 4634; *Lathrop* v. *Soldiers'. Loan Association,* 45 *Ga.* 483; *Cunningham* v. *United States Co.,* supra. As was pointed out by Mr. Justice Lewis in the case last cited, the ordinary, in passing upon applications for homestead exemptions, does not act as judge of the court of ordinary, and therefore section 4454 of the Civil Code, providing for appeals from that court, has no application to homestead proceedings, notwithstanding the ordinary, in passing upon the right of the applicant to have a homestead set apart to him, acts in a judicial capacity.

An appeal is allowed only by statute. At common law, as well as by the Civil Code, § 4634, the writ of certiorari lies to the judgment of any inferior judicatory. The losing party before any inferior judicatory has the right to review its judgment by certiorari, but he has not the privilege of a second trial unless it is expressly given him by statute (*Roser* v. *Marlow,. R. M. Charl.* 543); and as we have seen that the statute affords a remedy by appeal only in certain designated cases, and as the objections filed by the creditors before the ordinary did not come within this class of cases, the court below erred in refusing to dismiss the appeal.

*Judgment on cross-bill of exceptions reversed; main bill of exceptions dismissed. All the Justices concur.*