### DAVIS v. JAMES.

EVANS, P. J.   1.   Where a petition for certiorari from a judgment refusing to approve a homestead recites that the issue was formed on objections filed by a creditor, and that on the trial it appeared from the cross-examination of the applicant that some small items were omitted from the schedule of his property appended to his application, without intent to defraud his creditors or conceal his assets, but because he did not think it necessary to include them, and that he offered an amendment to his schedule so as to include these particular items, which amendment was refused by the court, and that the application for homestead was disallowed, an assignment of error that the "court erred in disallowing said amendment, and further that said court erred in disallowing the homestead," is not so indefinite as to require the dismissal of the certiorari because there was no sufficient assignment of error.

2. Exceptions in writing to the decision of the court of ordinary are necessary as a basis of a certiorari thereto.  Civil Code (1910), § 5181. But where the decision of the ordinary excepted to is made by him as a special court for the determination of such matters as are outside of the regular jurisdiction of the court of ordinary, the code section does not apply.  *Chapman* v. *Woodruff*, 34 *Ga.* 91; *Morris* v. *Morris*, 74 *Ga.* 826.  The ordinary in passing upon applications for homestead exemption does not act as the court of ordinary.  *Cunningham* v. *United States Savings &c. Co.*, 109 *Ga.* 616 (34 S. E. 1024); *Fontano* v. *Mozley*, 121 *Ga.* 46 (48 S. E. 707).

3. In the answer to the writ of certiorari it was stated that it appeared from the cross-examination of the applicant that certain items were not included in his schedule, and that the ordinary declined to allow the schedule to be so amended as to include them, as the case had been closed.  The schedule was a part of the pleadings, and was amendable at any time prior to judgment.  Civil Code (1910), § 3378 (3).

4. There was no error in refusing to dismiss the certiorari, or in granting a new trial.          *Judgment affirmed.   All the Justices concur.*

JUNE 14, 1916.

Certiorari.  Before Judge Cox.  Dougherty superior court. April 10, 1915.

*R. J. Bacon* and *R. H. Ferrill,* for plaintiff.

*L. Farkas* and *Pope & Bennet,* for defendant.