## JAMES v. THOMPSON.

1. In the statutory provision for a hearing and judgment by a justice of the peace, where damages are claimed on account of trespass committed by animals while going at large (Civil Code of 1910, § 2034), it was the intention of the General Assembly to create a special tribunal to hear such cases, and to designate a justice of the peace to preside over it.

2. Such tribunal may render judgment where the damages complained of are to growing or immature crops.

No. 595.   June 15, 1918.

Questions certified by Court of Appeals (Case No. 8686).

The Court of Appeals has certified to the Supreme Court the following questions upon which it desires instructions:

1. "In the statutory provisions for a hearing and judgment by a justice of the peace, where damages are claimed on account of trespass committed by certain kinds of animals while going at large (Civil Code of 1910, § 2034), was it the intention of the legislature that such cases should be included in the jurisdiction of a justice's court or of the magistrate in his capacity of justice of the peace; or was the intention merely that persons holding that office should in such cases act as a special tribunal distinct from a justice's court and with jurisdiction outside of that of a justice of the peace?"

2. "Can a justice of the peace, acting under section 2034 of the Civil Code of 1910, give judgment for damages where the damage complained of is to growing or immature crops, and therefore to realty (*Bagley* v. *Columbus Southern Railway Co.*, 98 *Ga.* 626 (1, 3) [25 S. E. 638, 34 L. R. A. 286, 58 Am. St. R. 325]? Is jurisdiction as to such a case excluded by the provision of the constitution that 'Justices of the peace shall have jurisdiction in all civil cases arising ex contractu, and in cases of injuries or damages to personal property, when the principal sum does not exceed one hundred dollars,' etc. (art. 6, sec. 7, par. 2; Civil Code of 1910, § 6524)?"

*Charles Akerman,* for plaintiff in error.   *S. W. Hatcher,* contra.

FISH, C. J.   1. The constitution confers on the legislature the power to create special tribunals. It declares: "The judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have

been or may be established by law." Article 6, section 1, paragraph 1, Civil Code, § 6497. The adjudications of this court have recognized the distinction between a court and the judge thereof. The legislature has conferred upon ordinaries jurisdiction with reference to setting apart homesteads; and it has been held that an ordinary, in passing upon applications for homestead exemption, does not act as the court of ordinary. *Cunningham* v. *United States Savings &c. Co.,* 109 *Ga.* 616, 620 (34 S. E. 1024); *Davis* v. *James,* 145 *Ga.* 325 (89 S. E. 203). Likewise, the right of judges of city courts and justices of the peace to sit as courts of special jurisdiction has been recognized. *Pettingall* v. *Nolan,* 16 *Ga.* 606; *Kelly* v. *Jackson,* 67 *Ga.* 274.

The provisions of the statute clearly indicate that it was the object of the legislature to enact a law that would give speedy redress to any who might suffer damage from stock running at large. To accomplish this they thought best to establish a special tribunal, thus saving the expense and time necessarily incident to a trial in the superior court. It is manifest that it was not their intention to simply enlarge the jurisdiction of the justice's court. The act nowhere refers to a justice's court, but designates a justice of the peace as the person to whom complaint may be made; and it provides, that the owner of such animal as may be impounded shall be served three days before the time set for the hearing; that the summons shall be returned within five days from the date of its issuance; and that the owner shall be required to appear at a time and place named. This procedure differs radically from that of a justice's court; and had it been the purpose of the General Assembly only to enlarge the jurisdiction of a court already existing, it was unnecessary to provide a different procedure.

The act provides, as hereinbefore indicated, that the justice before whom complaint is made may have a hearing at a time and place named by him. The constitution requires that justices' courts shall be held at fixed times and places; and the statute expressly declares that a judgment rendered at a place other than that so fixed shall be void. *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861). Furthermore, under the provisions of the act, damages may be recovered where the injury is to growing or immature crops, that is, to realty; and the legislature could not confer such jurisdiction upon a justice's court, as its jurisdiction

is limited by the constitutional provision quoted in one of the questions propounded by the Court of Appeals, and the act should not be so construed as to render it unconstitutional. It is clear, therefore, that the General Assembly intended by the act under consideration to establish a special tribunal for the trial of cases where damages are claimed on account of trespass committed by certain kinds of animals while going at large.

2. It follows, from the answer to the first certified question, that a justice of the peace, acting as a judge of a special tribunal under section 2034 of the Civil Code of 1910, may give judgment for damages where the damage complained of is to growing or immature crops.                          *All the Justices concur.*