### 19158. DONALDSON *v.* GILLIAM.

DECIDED MARCH 13, 1929. REHEARING DENIED APRIL 12, 1929.

*Pat Haralson, Green A. Jones, Joseph G. Collins,* for plaintiff in error.

*Thomas H. Crawford,* contra.

STEPHENS, J. ■ E. L. Gilliam brought suit against T. P. Donaldson in the justice's court of the 1205th district, G. M., of Fannin county, Georgia, which was tried before the Honorable M. C. Goss, N. P. and J. P., and a jury, to recover for an alleged trespass on the plaintiff's land, caused by a cow of the defendant coming upon the land and destroying some shrubbery growing thereon, to the plaintiff's damage in the sum of $2.50. The case was tried before a jury, which rendered judgment for the plaintiff in the sum of $9.65 and the costs. As to the jurisdiction of the tribunal trying the issue, see section 2034 of the Political Code (1910), and *James* v. *Thompson,* 148 *Ga.* 201 (96 S. E. 216). A certiorari brought by the defendant was, after a hearing in the

superior court, dismissed. To the judgment dismissing the certiorari the defendant excepts.

The sole issue presented upon the trial before the jury in the justice's court, and in the certiorari, was whether or not the provisions of the stock law of this State were in force in Flint Hill militia district in Fannin county, Georgia, in which was the plaintiff's land upon which the alleged trespass occurred. In the determination of this issue it was necessary to determine only whether or not, after the district had, by an election duly held, adopted the provisions of the stock law, there had been erected around the district such fences as the law required as a condition precedent to the stock law's going into effect in the district. See section 2043 of the Political Code of 1910 and section 2044 of Park's Code, vol. 8. One of the lines of the district, which was about 3700 yards in length, over two miles, ran along the line between Fannin county in the State of Georgia and the State of Tennessee. While it appeared without dispute in the evidence, that, in this territory of the State of Tennessee which abutted immediately upon Flint Hill district in Fannin county, Georgia, stock were legally permitted to run at large and come into Flint Hill district, and there was no fence and had never been any fence along the State line between the district and the State of Tennessee which would prevent stock that legally ran at large in the State of Tennessee from coming into Flint Hill district in the county of Fannin, State of Georgia, from the State of Tennessee into Flint Hill district in the State of Georgia, it was contended by the defendant that, by reason of a failure of the county authorities of Fannin county, Georgia, to erect along the State line a fence which would prevent the incursion of stock from the State of Tennessee into the district, the district had not been fenced as required by law, as contained in the code sections cited, and that by reason of such failure the provisions of the stock law of this State had not gone into effect in the district. A determination of the case is narrowed to the question whether or not, in contemplation of the acts of the legislature codified in the sections cited, relative to the adoption of the provisions of the stock law in a district, it is necessary, in order to constitute a compliance with the law as to fencing the district, to fence that part of the district which borders upon the territory of another State where, in this

territory of another State immediately abutting upon the district, stock are permitted to run at large.

The acts of the legislature codified in the sections cited provide, as to fencing a district which has adopted the provisions of the stock law by an election duly held, that fences shall be "erected around the lines of said district in order to prevent the incursion of stock from other counties or districts," and that the stock law shall not go into effect in the district until a fence of a designated character, as prescribed by law, "has been erected around portions of such district as touch non-stock or fence-law districts or counties." It is suggested that the provisions in the acts as to preventing the incursion of stock from other "counties" or "districts," and the erection of a fence around portions of the district which touch non-stock or fence-law "districts" or "counties," have reference only to counties and districts in the State of Georgia, and have no reference to the territory of another State, and that, therefore, under these provisions of the acts, it is not a condition precedent to the going into effect of the stock law in the district that the district be fenced along the State line in order to prevent the incursion of stock from the other State. We can not adopt this construction of the acts. To do so would defeat the manifest intention of the legislation as expressed in the act, in its application in every militia district in this State which borders upon the line of another State. The object and intention of the provisions with reference to erecting fences around the district is to prevent the incursion of stock, from whatever source, into the district. To leave the district open and unfenced upon that portion of the district which abuts upon a State line at a place where, in the other State, stock are legally permitted to run at large, would expose the district to the incursion of stock from the other State, and would render the fencing of the district ineffectual to prevent the incursion of stock into the district. The acts with reference to the adoption of the stock law in a district by the erection of suitable fences around the district are general laws, and, by the constitution of this State, should have general operation throughout the State. Civil Code (1910), § 6391. The construction contended for, which would destroy the effectiveness of these provisions of the act in the militia districts bordering on the State line, would at least violate the spirit of this constitutional provision. The

acts, in referring to other "counties" and "districts," do not expressly limit these terms to counties and districts within the State of Georgia. It is only by inference that such a limitation can be read into the acts. There are counties and districts in other States, and perhaps judicial notice could be taken of this fact. Whether or not this can be done, it certainly can be taken that the legislature could, in adopting the acts, have assumed that States abutting upon the State of Georgia are divided into counties and districts. Irrespective of what may constitute a county, any marked out territory would constitute a district. An entire State itself, in so far as it is a marked out and definite territory, is in one sense a district. We must conclude that the act contemplates the fencing of a district which has adopted the provisions of the stock law against all surrounding territory in which stock are legally permitted to run at large, including territory in a State upon which the district abuts. We therefore conclude that by a failure to fence Flint Hill district in Fanning county along its line which abuts upon the State of Tennessee, there has been no compliance with the provisions of the statutes requiring a fencing of the district as a condition precedent to the provisions of the stock law going into effect in the district.

 Headnotes 2, 3, and 4 need no elaboration.

The verdict found for the plaintiff was contrary to law, and the judge of the superior court erred in not sustaining the certiorari brought by the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*