## 24824. BENTON v. BENTON et al.

Decided February 14, 1936.

*W. S. Florence,* for plaintiff.

MacIntyre, J. With the intention of proceeding under section 62-603 of the Code of 1933, L. O. Benton filed a complaint with

a justice of the peace, wherein he averred that Hamp Benton and Tennie Benton had "impounded 22 head of cattle belonging to . . petitioner;" that "his cattle were maliciously turned out and upon" the land of said Hamp and Tennie Benton "without fault of petitioner;" that Hamp and Tennie Benton were demanding "$1 per head damages;" that "there were no damages by his cattle;" and that "the damage assessed is exorbitant." Petitioner prays that "the damage be assessed by this court," and states that he "stands ready to indemnify the owners for any damage." The justice of the peace issued the summons under the Code section cited. The defendants filed an answer averring that "they know nothing of any malicious turning out of plaintiff's cattle," and that, while they had demanded $22 as damages, they had since ascertained that they had been damaged in the sum of $69.30, and asked judgment for that amount. L. O. Benton gave the replevy bond allowed by the statute, and took possession of the cattle. At the trial L. O. Benton demurred to.said answer, and Hamp and Tennie Benton moved "to dismiss said case" on the ground that L. O. Benton was not the "aggrieved party" and could not institute the proceeding. Without passing on the demurrer to the answer, the justice sustained the motion to dismiss the case. L. O. Benton obtained certiorari, and the judge of the superior court overruled the petition for certiorari, holding that under the Code section cited the words "aggrieved party" as therein used refer "entirely to the party upon whose land the live stock has trespassed, and not the owner of the live stock." Chapter 62-6 of the Code of 1933 deals with the right of the owner of land to impound animals trespassing thereon and recover damages for such trespass. Section 62-602 gives the land owner the right to impound the trespassing animals and retain them "until the owner thereof shall make full satisfaction or reparation for the damages committed by such animals." After providing that the person impounding the animals "shall give them all necessary care, feed, and attention, for which he shall have such compensation as is allowed sheriffs," and that he shall give twenty-four hours notice of such impounding, etc., section 62-603 proceeds: "except that in case any such animal or animals shall be sold under the provisions of law, the proceeds of such sales, after the payment of legal costs, including advertising, shall be applied first to the payment of the *damages sustained by the aggrieved party, including compensation*

*for the care, feed, and attention.* In case of disagreement between the taker-up or party claiming to be damaged, and the owner of such animal or animals, as. to the amount of damages sustained on account of the alleged trespass of such animal or animals, or for the expenses for care, feed, and attention, the *aggrieved party* may make complaint to the justice of the peace of the district; and if no justice [be] in such district, then to the most convenient justice in any other district, setting forth the amount claimed. Whereupon such justice shall issue a summons as in other suits, returnable five days from the date thereof, *requiring the owner or claimant of such stock to appear* at a time and place therein named, and which shall be served as other summons, at least three days before the time of hearing, when said justice shall proceed to hear evidence and give judgment against such owner or claimant for such damages as shall appear reasonable and just, *including the expenses of care and feeding of such stock,* and all legal costs, which shall be enforced by execution, levy and sale, as other judgments of such justice; provided, nevertheless, that a special lien upon the trespassing animal or animals for the payment of such judgment shall attach from the time of the committing of such trespass . . ; and provided further, that in case of any litigation, as contemplated by this section, the owner of such animals may redeem or replevy the same by giving to the *complaining party a bond,* with good and sufficient security, conditioned to pay all damages and costs which may be finally recovered against him in such suit, said bond to be approved by the justice of the peace issuing the summons." (Italics ours.) The section is of statutory origin (*James* v. *Thompson,* 148 *Ga.* 201, 96 S. E. 216), and must be strictly construed. Our view is that it clearly shows that the "aggrieved party," or the "complaining party," is the owner of the land upon which the trespass is committed, and not the claimant or owner of the trespassing animals. We therefore hold that L. O. Benton had no right to institute the proceeding, and that it was proper to overrule the petition for certiorari.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*