33994.   HARNESBERGER *v.* DAVIS *et al.*

DECIDED APRIL 25, 1952.

*Jack E. McGahee, H. H. Hogan,* contra.

GARDNER, P. J.  ■ The first question presented is whether or not the defendants in error, the appellants in the Superior Court of Lincoln County, upon an appeal from the ruling and judgment of the Ordinary of Lincoln County to that court, could properly appeal from this order and judgment of the ordinary granting the application of the plaintiff in error (the appellee in the superior court and the petitioner before the ordinary), for leave to convey certain lands, which had been previously set apart as a year's support to herself and six minor children; or whether they should have applied to the superior court for the writ of certiorari directed to the ordinary. It is insisted by the plaintiff in error that certiorari was the only and exclusive remedy or method by which the defendants in error could obtain a review of the order, ruling and judgment of the ordinary granting to the plaintiff in error leave to convey these lands.

The plaintiff in error filed her petition with the ordinary for leave to convey the lands which had theretofore, in 1923, been

set apart by the Ordinary of Lincoln County as a year's support for herself, as the widow of B. T. Harnesberger, and their six minor children, under and pursuant to the provisions of Code § 113-1002. This petition for leave to convey was brought under the provisions of the act of 1937 (Ga. L. 1937, p. 861 et seq.; Code, Ann. Supp., §§ 113-1023 et seq.), which act provides that, where property is set apart as a year's support to a widow and minor children, in order for the same to be conveyed and such conveyance be binding upon the minor children, such conveyance shall be approved by order of the ordinary; and provides for a hearing before the ordinary and the interposition of objections; and also provides that, when the ordinary is satisfied that the service and notice of the petition for leave have been proper and that the purpose of the conveyance is proper, "he shall pass an order" approving the proposed conveyance, "which order shall be final and conclusive." The act further provides that "An appeal shall lie to the superior court in the manner, under the restrictions, and with the effect provided for appeals from the ordinary in other cases." Code (Ann. Supp.), § 113-1029.

This proceeding is brought by a widow directly to the ordinary under the provisions of said statute (Ga. L. 1937, pp. 861 et seq.; Code, Ann. Supp., §§ 113-1023 et seq.), for leave to convey certain lands which had been set apart as a year's support for herself and six minor children, who were at the time sui juris, to which objections were interposed, and on the hearing the ordinary granted said application for leave to convey. Thereupon, within the time allowed by law, the objectors or caveators (now the defendants in error) appealed from the order, ruling and judgment of the ordinary to the superior court of the county. This appeal was brought under the provisions of said statute, quoted above (Code, Ann. Supp., § 113-1029). Code § 6-201, relating to appeals from the ordinary in general, provides that "An appeal shall lie to the superior court from any decision made by the court of ordinary, except an order appointing a temporary administrator; provided that whenever an appeal shall be taken from a decision of the ordinary, made under section 113-1229, such appeal shall not operate as a supersedeas, unless the executor or administrator shall first give a good and sufficient bond, payable to the ordinary and his successors in office, in such sum

as the ordinary may require (not exceeding the amount of the estate in the hands of the administrator), conditioned to pay all costs and damages that may accrue to the estate pending the appeal." So it is specifically provided by statute that an appeal—as provided for under the provisions of Code § 6-201 and under the law generally as to appeals from a ruling, order, judgment and decision of the ordinary and court of ordinary— will lie from a ruling, order and judgment of the ordinary in a proceeding under the provisions of the act of 1937, supra, in which the ordinary has rendered a final judgment. This being true, regardless of whether—had there been no such statutory provisions specifically applying to a case arising under this act—a certiorari or an appeal would have been the proper remedy or method of seeking a review, this is a case where the remedy or method of obtaining a review has been clearly provided for by statute, and by the very statute under which the proceedings were instituted and the controversy arose, and the statute in such a case governs. In *Harrell* v. *Pickett*, 43 *Ga.* 271, the Superior Court ruled that "the proper mode of bringing before the Superior Courts of this State the judgment of an Ordinary, rendered in the discharge of duties devolved upon him, in relation to county matters, previously vested in the Inferior Courts, or of matters not touching the probate of wills or administration, or *otherwise specially provided by law,* is by certiorari, and not by appeal." (Italics ours.) The court specifically excepted from the ruling therein made the judgments and decisions of the ordinary touching the probate of wills, granting of letters testamentary and of administration, and other judgments and decisions the remedy or method of review whereof had been "otherwise specially regulated by law." That decision plainly recognized a situation like the one now at bar, where the statute, providing that the widow shall apply to the ordinary for leave to convey lands set apart as a year's support for herself and minor children, also makes special provision for a review of any final ruling, order and judgment of the ordinary therein. The *Harrell* v. *Pickett* case, supra, was cited and followed in *Cunningham* v. *U. S. Savings &c. Co.,* 109 *Ga.* 616, 619 (34 S. E. 1024). It will be noted that the decision in each of these cases was rendered long prior to the act of 1937, supra, under which the present case arose. It

is the opinion of this court, therefore, that the judge of the superior court properly overruled the demurrer and motion of the plaintiff in error to dismiss the appeal of the defendants in error in that court, on the ground that certiorari and not appeal was the proper remedy or method of seeking a review of the judgment of the ordinary therein. In *Phelps* v. *Daniel*, 86 *Ga.* 363, 365 (12 S. E. 584), it is held that "The right to appeal is recognized expressly in the statute by which proceedings for a year's support are provided for and under which they are to be conducted," and appeal was proper.

The judge of the superior court did not err in holding that an appeal was a proper method for the defendants in error to seek a review of the judgment of the ordinary, granting to the plaintiff in error leave to convey the lands set apart as a year's support for herself and the minor children.

When said appeal, which was de novo, came on for hearing in the superior court of said county, the appellants (now defendants in error) introduced three warranty deeds which were made by the appellee (now the plaintiff in error) to the lands set apart by the ordinary of said county in October, 1923, as a year's support to the plaintiff in error, as the widow of B. T. Harnesberger, and their six minor children, to wit: (1) a warranty deed conveying described lands by the plaintiff in error to J. O. Harnesberger, dated January 8, 1944; (2) a warranty deed executed by the plaintiff in error to Guy William Harnesberger on September 14, 1946, conveying described lands; (3) a warranty deed by the said plaintiff in error, dated January 25, 1947, conveying described lands to Guy William Harnesberger. These deeds conveyed the fee-simple title, and the grantees thereof were children of the plaintiff in error and her late husband, B. T. Harnesberger, being of age, at the time of the conveyances. The three parcels of land conveyed constituted the property set apart to the plaintiff in error and said minor children for a year's support. The record does not disclose that any objection to the introduction of these deeds was made by the plaintiff in error. Upon the admission of these deeds in evidence, the defendants in error moved to dismiss the proceedings instituted by the plaintiff in error to obtain leave from the ordinary of said county to convey the lands theretofore set apart to her and the six minor children, the

children now being sui juris, on the ground that the widow of B. T. Harnesberger, the present plaintiff in error, was without any right, title, or interest in the property, having conveyed the same by said deeds prior to the time .she filed the petition with the ordinary of said county for leave to convey the same. The court sustained this oral motion and dismissed said proceedings, "it appearing . . that all the land originally set apart to" the plaintiff in error, as the widow of B. T. Harnesberger "has been conveyed by her to" said grantees named above "by deed previously made before the application to the ordinary to sell the land for such support, and it appearing that the deeds thereto are on record . . the court holds that said lands that were originally set apart to" the plaintiff in error "as a year's support have already been conveyed to the grantees named, and that the recorded title appears to be in them," and the "court holds that Mrs. Louisa Harnesberger (plaintiff in error) has already conveyed all of her interests in said tracts of land to said grantees, and under the evidence the court rules that he has no jurisdiction to pass upon the question of granting the right to sell said property, and the said proceedings are hereby .dismissed." Mrs. Louisa Harnesberger excepted, and her writ of error to the Supreme Court of Georgia was by that court transferred to this court. See *Harnesberger* v. *Davis,* 208 *Ga.* 629, supra.

This proceeding was brought under and pursuant to the provisions of the act of 1937 (Ga. L. 1937, pp. 861 et seq.; Code, Ann. Supp., §§ 113-1023 et seq.). Code (Ann. Supp.) § 113-1023 provides that, "Where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, incumbrance, or disposition." The section of said act immediately following (Code, Ann. Supp., § 113-1024) provides: "Where property is set apart as a year's support for the joint benefit of the widow and her minor child or children, a conveyance or incumbrance of the same, or any or all parts thereof, by the widow shall convey or incumber the title and interest of the widow and shall be binding and conclusive upon her. The purchaser or lender shall not be responsible for the proper use or application of the proceeds." Therefore, it appears that, by virtue of the provisions of the statute under which the proceedings for leave to convey were brought by the

widow, the widow may, without obtaining any leave or approval of the ordinary, convey land set apart to her as a year's support, and as to land set apart for the joint benefit of the widow and the minor children of the deceased, the widow may bind herself and be concluded by a conveyance thereof. Such a conveyance would have the effect of conveying her right, title, and interest to the property. However, in order to bind the children by a conveyance of the property set apart for the joint benefit of the widow and the children, an approval must be obtained from the ordinary of the county where the land lies, which may be obtained by petition to the ordinary for such leave. However, this approval need not be obtained where the children are sui juris and join with the widow in making the conveyance to the property. Code (Ann. Supp.), § 113-1025. The petition of the widow here alleged that the children were sui juris, but it appears that the conveyance of the property, the approval of which is sought, is by the widow only. (Code, Ann. Supp., § 113-1026 deals with the petition and contents and how brought and heard.) The application of the plaintiff in error made no mention of the three previous deeds executed by her, and admitted in evidence on the trial of the appeal in the superior court. These deeds were binding and conclusive upon the plaintiff in error, and, at the time she petitioned the ordinary for leave to sell these lands, she had already conveyed them and such conveyances were binding and good as to her and she had no title or interest in the lands which she could convey. This being true, the superior court properly dismissed the proceedings instituted by the plaintiff in error. Nothing to the contrary is held in *King* v. *King*, 203 *Ga.* 811 (48 S. E. 2d, 465, 2 A. L. R. 2d, 1181). The widow here, prior to the application to the ordinary for leave to convey this property, had conveyed the same by warranty deeds and she no longer retained any interest or title in such property to convey. No question is involved here as to whether, after the children have become sui juris, the widow can sell the lands, previously set apart for the joint benefit of the widow and the minor children, for her own support and maintenance. See *Walden* v. *Walden*, 191 *Ga.* 182 (12 S. E. 2d, 345); *House* v. *Batson*, 188 *Ga.* 314 (4 S. E. 2d, 33).

The plaintiff in error had previously conveyed the property

by warranty deeds, which were, as to her interest in the property, conclusive and binding upon her, and she could not again convey these lands. The court did not err in sustaining the oral motion of the appellants (defendants in error), and in dismissing the proceedings in the superior court.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*